**Thomas MAHER, Plaintiff,**

v.

**NEWTOWN CREEK TOWING CO., Russell Bros. Towing Co., Inc., H. P. Sears, Jr., Thomas A. Sears and R. J. Sears, Individually, and H. P. Sears, Jr., Thomas A. Sears and R. J. Sears, doing business as Rome Transportation Co., Defendants.**

United States District Court
S. D. New York.

Feb. 6, 1961.

Standard, Weisberg, Harolds & Malament, New York City, Melvyn N. Spain, New York City, of counsel, for plaintiff.

Foley & Grainger, New York City, Joseph K. Grainger, Robert P. Whelan, New York City, of counsel, for H. P. Sears, Jr., et al., doing business as Rome Transp. Co.

WEINFELD, District Judge.

This motion to dismiss the complaint for lack of jurisdiction presents the question of whether this Court has jurisdiction over a cause of action based solely upon the general maritime law asserted against a nondiversity defendant, by virtue of its joinder with a Jones Act[1] cause of action properly asserted against other defendants. The action was commenced on the law side of the court.

Plaintiff, a deckhand, alleges he was injured aboard a tug during the course of his employment. He sues the owners and operators of the tug under the Jones

1. 46 U.S.C.A. § 688.

Act and general maritime law. Jurisdiction as to these defendants is not, and cannot be, questioned.

The plaintiff also named as defendants the owners of the barge which was in tow of the tug at the time of the accident, alleging negligence and unseaworthiness under the general maritime law because, as claimed by him, "it was the barge's line which parted."

There is no diverse citizenship between the plaintiff and these defendants, a partnership (hereafter collectively referred to as Rome Transportation). Accordingly, Rome Transportation moves to dismiss the action as to it for lack of jurisdiction.

The plaintiff resists the dismissal, urging that the Court has jurisdiction under the so-called doctrine of pendent jurisdiction formulated in Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and more recently applied in maritime suits in Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. The Supreme Court, in Romero, held that district courts' jurisdiction over a Jones Act claim against a nondiverse defendant carried with it pendent jurisdiction over related claims against the same defendant under the general maritime law. As the plaintiff frankly admits, the Court's holding applied only to the defendant who was properly sued under the Jones Act. However, he urges that the rationale of the case justifies the extension of the doctrine to those nondiverse defendants against whom a cause of action is asserted solely under the general maritime law and which is based upon essentially the same facts relied upon by plaintiff in his Jones Act cause of action against another defendant. He contends that the same "practical considerations" of judicial economy and the elimination of duplicitous litigation which underlie the doctrine of pendent jurisdiction [2] warrant its extension to multiple defendants, even where they are not subject to Jones Act or other proper federal jurisdiction.[3]

Plaintiff, to support his position, points to Mr. Justice Frankfurter's holding that:

"[A] district judge has jurisdiction to determine whether a cause of action has been stated if that jurisdiction has been invoked by a complaint at law rather than a libel in admiralty, *as long as the complaint also properly alleges a claim under the Jones Act.*" [4] (Plaintiff's emphasis.)

However, it is clear that the reference is to the Jones Act defendant and not to the others. It is true, as plaintiff points out, that the complaint was not dismissed as to the other defendants who were charged with negligence, but they were of "diverse citizenship from the petitioner." [5] Here, as to Rome Transportation, there is neither an independent basis for federal jurisdiction, nor diversity of citizenship. Therefore, elementary principles of federal jurisdiction govern, requiring dismissal as to it.[6]

However desirable it may be that controversies involving a group of litigants, the determination of which rest upon the substantially same operative facts, be disposed of in a single litigation, this

---

2. Cf. Bartholomew v. Universe Tankship, Inc., 2 Cir., 263 F.2d 437, 446, certiorari denied 1959, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030.

3. The plaintiff has commenced an action on the admiralty side against the moving defendants upon the very claim asserted against them in this suit. Thus it appears that the "practical considerations" revolve about whether or not the issue as to this defendant is tried to a jury or to a court. He has also commenced a similar action in the State Court.

4. Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 381, 79 S.Ct. 468, 485, 3 L.Ed.2d 368.

5. Ibid.

6. 28 U.S.C. § 1332; Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615. See McDonald v. Cape Cod Trawling Corp., D.C.D.Mass. 1947, 71 F.Supp. 888, where the Court reached a similar conclusion.

Court may not assume jurisdiction unless it exists—it is "without the judicial power to entertain a cause of action not within its jurisdiction, merely because that cause of action has mistakenly been joined in the complaint with another which is within its jurisdiction."[7] Here, admittedly, there is no jurisdiction of the claim as to Rome Transportation unless the concept of pendent jurisdiction is applied. This Court is not persuaded that the scope of the Romero ruling intended to embrace the fact circumstances posed by this case as to the moving defendants; if federal jurisdiction is to be thus expanded, it must come from proper authority.

The motion to dismiss for lack of jurisdiction is granted.

**7.** Hurn v. Oursler, 1933, 289 U.S. 238, 248, 53 S.Ct. 586, 590, 77 L.Ed. 1148.