Joel **CHARLES** et al., Plaintiffs,

v.

**AMERICAN FEDERATION OF MUSI-CIANS OF the UNITED STATES AND CANADA** et al., Defendants.

United States District Court
S. D. New York.

April 12, 1965.

**596**

Godfrey P. Schmidt, New York City, for plaintiffs.

McGoldrick, Dannett, Horowitz & Golub, New York City, for defendants. Emanual Dannett, New York City, of counsel.

LEVET, District Judge.

The defendants in the above-entitled action have moved to dismiss the complaint on the ground that it does not state a claim on which plaintiffs are entitled to relief and that this court lacks jurisdiction over the subject matter thereof. The complaint alleges that the court has jurisdiction over this action under Title V of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 501 et seq.

### THE STATUTE INVOLVED

The relevant provision of LMRDA, Section 501(a), 29 U.S.C. § 501(a), provides:

"(a)   The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy."

### THE PARTIES

The plaintiffs are members of the American Federation of Musicians of the United States and Canada (hereinafter "Federation" or "AFM"). They allege that they are orchestra-leader-employers who regularly employ sidemen who are members of the Federation. (Par. 3 of complaint) The defendants include the Federation and individuals who at present are or who formerly were officers of the Federation.

### NATURE OF THE ACTION

The complaint alleges in substance:

(1) At the Federation's Sixty-Sixth Annual Convention held in 1963 the attending delegates "purported to enact" Recommendation No. 11 (Pars. 27–29) which provided in part that

"8.   Present provision establishing minimum wages for traveling engagements at 10% in excess of applicable Local scales shall be reaffirmed.

\* \* \*

"RESOLVED, that the International Executive Board be and it is hereby authorized and directed to *codify the substance, purpose and intent of the foregoing* resolution, to eliminate any provisions which conflict here-

with, and to incorporate such codification into the Constitution and By-Laws of the Federation with the same force and effect as though such codification were enacted by this Convention" (italics in complaint).

(2) Pursuant to the authorization contained in Recommendation No. 11, defendants proceeded with the purported codification of Recommendation No. 11. Said codification is contained in a document known as Pamphlet A (Ex. B. annexed to complaint; Par. 31).

(3) Pamphlet A provides in part (Par. 32):

"Section 2: Except as otherwise specifically provided in these By-Laws, *the minimum wage to be charged and received by any member* (including arrangers, orchestrators and copyists) *for services rendered on a traveling engagement shall be the following*:

"(a) in the case of traveling engagements of one week or more ('steady traveling engagements'), such minimum wage shall be no less than the wage scale of the Local in whose jurisdiction the services are rendered, plus 10% of such Local wage scale;

"(b) *in the case of a traveling engagement of less than one week* ('miscellaneous traveling engagement') *such minimum wage shall be no less than either the wage scale of the Local in whose jurisdiction the services are rendered or the wage scale of the home Local of the member performing such services, whichever is greater, plus 10% of the wage scale of the Local in whose jurisdiction the engagement takes place;*" (italics in complaint).

(4) "Defendants (except AFM as an organization) dishonestly, fraudulently and, therefore, in violation of their fiduciary responsibility as AFM officers as defined in Section 501 of the Act of 1959, did 'codify' said 'Recommendation No. 11' in such a deliberately mendacious and deceitful fashion as to produce in place of a genuine 'codification' of what the 1963 Convention enacted, what is in fact *new legislation* inconsistent therewith, and invented by defendants without warrant or authorization from the Sixty-sixth or any other AFM Convention or from the AFM Constitution and By-Laws" (italics in complaint) (Par. 33).

(5) Defendants in violation of their fiduciary responsibility used Recommendation No. 11 as a pretext and cover for usurping intra union legislative powers not given them by the AFM Constitution and By-Laws. (Par. 34) The defendants dishonestly contrived and foisted on the Convention delegates the mendacious wording and enactment of Recommendation No. 11 by falsely implying that at the time of its passage at the Convention there actually existed "a present provision" establishing "minimum wages for traveling engagements at 10% in excess of applicable Local scales" (Par. 35), whereas in truth no such provision had ever been made by any AFM Convention nor was it ever a part of or authorized by the Constitution and By-Laws of the AFM (Par. 26). The defendants (except AFM) violated their fiduciary responsibility as officers by deliberate misrepresentation in paragraph 3 of Recommendation No. 11 and by publishing the misrepresentation to members (Par. 37).

In the prayer for relief the plaintiffs seek judgment:

(a) restraining the enforcement of any portion of AFM, Pamphlet A which purports to establish or to imply the previous establishment of "minimum wages for traveling engagements at 10% in excess of applicable Local scales";

(b) forbidding defendants from taking reprisals against any plaintiff because of the institution of this action;

(c) declaring the falsehood and nullity of paragraph 8 of Recommendation No. 11;

(d) declaring the individual defendants guilty of violating their fiduciary responsibility under Section 501;

(e) requiring defendants to delete from Pamphlet A all language or provisions which do not truthfully and faithfully codify the valid enactments of any AFM Convention;

(f) requiring defendants to publish the judgment and opinion of this court herein;

(g) allowing plaintiffs reasonable counsel fees and costs.

### THE ISSUE IN THIS CASE

The issue here is whether the acts alleged in the complaint, if true, constitute a violation of Section 501(a) of LMRDA, 29 U.S.C. § 501(a).

The determination of this issue depends on whether the acts complained of violate a fiduciary duty prescribed under this section. Although the complaint charges "mendacious," "deceitful," "dishonest," and "fraudulent" conduct, "deliberate misrepresentation" and usurpation of "intra-union legislative powers" by the individual defendants, there is no allegation in the complaint stating that as a result of the individual defendants' alleged breach of fiduciary obligations any money or property of the Federation has been embezzled, mishandled or diverted by defendants. There is also no statement that any of the individual defendants received money or property belonging to the Federation as a result of the alleged acts set forth in the complaint.

[1, 2] The law of this Circuit, as I interpret it, holds that jurisdiction under Section 501(a) requires a breach of a fiduciary obligation with respect to the money or property of a union and that complaints which do not allege such a breach by union officials are insufficient in law. Gurton v. Arons, 234 F.Supp. 429 (S.D.N.Y.), aff'd, 339 F.2d 371 (2d Cir. 1964); Coleman v. Brotherhood of Railway & Steamship Clerks, 228 F. Supp. 276 (S.D.N.Y.1964), aff'd, 340 F. 2d 206 (2d Cir. 1965).

In Gurton v. Arons, supra 339 F.2d at 375, Judge Hays, referring to Section 501 of the LMRDA, wrote:

"* * * A simple reading of that section shows that it applies to fiduciary responsibility with respect to the money and property of the union and that it is not a catch-all provision under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them. If further corroboration for this position be needed it will be found in the legislative history and in the law review articles cited by Judge Tenney in his opinion in the district court. 234 F.Supp. at 442–443.

"The provisions of the L.M.R.D.A. were not intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions. Courts have no special expertise in the operation of unions which would justify a broad power to interfere. * * * *"

This position was reaffirmed in Coleman v. Brotherhood of Railway & Steamship Clerks, supra 340 F.2d at 209. Cf. Holdeman v. Sheldon, 204 F.Supp. 890 (S.D. N.Y.), aff'd, 311 F.2d 2 (2d Cir. 1962).

Consequently, the motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted and that this court lacks jurisdiction over the subject matter is granted.

Settle order on notice.