Thelma AHO, Delores Quam, June Carman, Carol Giles, Gladys Odman, James Richert, Myrtle Siegert, Catherine Sprute, and Thomas Grice, Plaintiffs,

v.

Patrick L. BINTZ, William A. Swint, and International Union, District 50 United Mine Workers of America, Defendants.

No. 4-68 Civ. 286.

United States District Court
D. Minnesota.
Fourth Division.
Oct. 10, 1968.

the only problem being one of identification and statement of individual accounts composing the whole.

Helgesen, Peterson, Engberg & Spector, by Francis X. Helgesen, Minneapolis, Minn., for plaintiffs.

Maslon, Kaplan, Edelman, Borman, Brand & McNulty, by Hyman Edelman, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

Plaintiffs are former members and officers of Local Union #15257, District 50, United Mine Workers of America. This Local since 1962 had represented the employees of Grief Bros. Co., an employer with a plant at Rosemount, Minnesota. It was affiliated with and held a charter from the International Union, District 50, United Mine Workers of America. Defendants Bintz and Swint are representatives of this International Union maintaining offices in the Twin Cities area in Minnesota. In June 1968 a rival union petitioned the National Labor Relations Board for an election in the Grief plant, which election was won by the rival union on July 12, 1968. A month later on August 13, 1968 the rival union was duly certified as the exclusive bargaining agent for the Grief employees. Thereupon the contract between the employer and Local #15257 allegedly became superseded and defunct, though it provided a wage increase effective August 1, 1968. Counsel for plaintiffs attaches import to this fact. The Local had $2,400 cash more or less in its treasury at or about the time of the rival union's election. The Constitution of the International which chartered this Local provides in Art. XII, Sec. 15 that if a Local is abandoned or disbanded and thus ceases to function, title to all property, money and assets thereof vests in and becomes the property of the International. The complaint alleges, however, that some months prior to the demise of Local #15257, the International District 50 had been expelled from the United Mine Workers. Plaintiffs' counsel asserts that the doctrine of "frustration" as espoused in Local 1142 v. United Electrical, Radio & Machine Wkrs., 247 Minn. 71, 76 N.W.2d 481 (1956) renders nugatory this section of the International Constitution.

Plaintiffs base their assertion of jurisdiction solely on Sections 501(a) and (b) of the Landrum-Griffin Act (1959), 29 U.S.C. § 501(a) and (b). These sections provide:

"The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.

(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. * * * "

■ The first question and easily disposed of relates to the International Union as a defendant. As quoted above, § 501 applies to a number of officers and other individuals. On its face, it does not apply, nor was it intended to apply to actions against employers or labor organizations. Woody v. Sterling Aluminum Products, Inc., 244 F.Supp. 84 (E.D.Mo. 1965), aff'd 365 F.2d 448 (8 Cir. 1966), cert. denied, 386 U.S. 957, 87 S.Ct. 1026, 18 L.Ed.2d 105 (1967). Thus the motion of the International Union, District 50 must be granted and the complaint dismissed as to it.

■ The second question relates to the individual defendants who claim they are not within the scope of the statute on its face since they are admitted to be local representatives of The International and thus allege they are not representatives of the Local Union. Further, they claim that the statute was intended to operate against dishonest union officials and not against those validly acting under authority of the International Union and who did not receive and do not now retain the money said to be wrongfully taken. However true this may be, the complaint is against the individual representatives and alleges they caused the taking and directed it. The complaint in part alleges:

"That on or about July 18 the Defendants Swint and Bintz acting as agents of District 50 by use of threats, coercion intimidation, forced and compelled duly elected trustees and officers of Local No. 15257 to hand over and surrender to them money and property belonging to the Local Union and being held by Local Officers for the benefit of all members of the Local Union."

The complaint appears sufficient on this ground as against them. Cf. Clinton v. Hueston, 308 F.2d 908 (5th Cir. 1962). On the effect of the "exculpatory orders"

from the International Union, see Nelson v. Johnson, 212 F.Supp. 233, 255–256 (D. Minn.1963) (Larson, J.), aff'd, 325 F.2d 646 (8th Cir.)

■ While there are no cases which were cited or which have been found passing on this exact point, it seems clear that whether or not the statute per se applies to actions against officers of the International, these defendants may be considered to be agents or "other representatives" of the Local. That is, from the actions of these field men, in servicing the Local, attendings its meetings, advising its officers, and talking directly with the employer, they became "quasi-officers" or at least "representatives" of Local #15257. In any event they occupied a position of trust with regard to the Local and its members, notwithstanding the fact that someone else paid their salaries. It is that position of trust upon which Section 501(a) imposes the fiduciary duty.

An argument can perhaps be made that the statute in fact allows suit against officers and representatives of the International. By virtue of belonging to Local #15257 the plaintiffs herein are members of District 50. Hence the individual defendants as representatives of District 50 are subject to duties imposed by the statute, particularly where the actual working relationship between the plaintiffs and defendants was as indicated above.

A third question presents a challenge to the application of the statutes in that it is contended the complaint does not allege specifically a violation of Section 501(a). That subsection requires the named officials to hold the money and property of the labor organization for the benefit of the organization and its members and not to deal adversely with the organization in any matter connected with their duties. It seems clear from the complaint and the above-cited cases, having in mind the doctrine of "notice" pleading, that plaintiffs have in general pled a violation of this duty, sufficient at least to call upon the court to hear the cause at a trial.

■ The final jurisdictional issue is whether plaintiffs have requested the governing board or officers of the union to sue and have been refused. This is akin to the demand required in corporation law before a derivative suit by shareholders will lie. See Nelson v. Johnson, 212 F.Supp. 233, 297–299 (D.Minn.1963) aff'd, 325 F.2d 646 (8th Cir.) for the analogy to corporate shareholders' suits. This requisite of the statute also is similar to the rule of exhaustion of internal or administrative remedies which must be done before resort to the courts is sought. In the instant case, the plaintiffs allege they telegraphed the International President on August 3, 1968 (or August 5, 1968) for relief, but such was denied by return wire dated August 7, 1968. This is deemed sufficient. The courts are not in complete agreement whether a complete exhaustion of internal remedies is required or whether merely a demand of the officers and a refusal by them is sufficient to confer jurisdiction on the court. The prevailing rule seems to be that the requirement is not jurisdictional beyond the making of an unsuccessful demand. Horner v. Ferron, 362 F.2d 224, 231 (9th Cir. 1966); Purcell v. Keane, 277 F.Supp. 252 (E.D.Pa.1967); Giordani v. Hoffmann, 277 F.Supp. 722, 725 (E.D.Pa. 1967); Holdeman v. Sheldon, 204 F.Supp. 890, 895 (S.D.N.Y.1962).

It seems to the court the complaint is sufficient to sustain jurisdiction as to the individual defendants considering the above factors as a whole; or put another way, merely on the basis of the pleadings and moving papers, the court cannot now say that it lacks jurisdiction. The motion to dismiss as to defendants Patrick L. Bintz and William A. Swint should therefore be denied. This is, after all, a case involving financial dealings which is what sections 501(a) and (b) relate to, and is thus distinguishable, at least so far as there are any facts now before the court, from Guarnaccia v. Kenin, 234 F. Supp. 429 (S.D.N.Y.1964) aff'd sub nom, Gurton v. Arons, 339 F.2d 371 (2nd Cir. 1964), involving refusal to implement cer-

tain resolutions rather than financial dealings.

Plaintiffs' prayer for what would amount to a finding on the merits in their favor under the guise of a request for temporary relief as embodied in the order to show cause and accompanying petition must be denied. Clearly the court or jury will have to be convinced by a preponderance of the evidence at a trial that plaintiffs have a cause of action.

A separate order has been entered in accordance with this opinion.