Joseph TUCKER, Nicholas Makris and Charles Tucker, on behalf of Local 70 Bartender's Union of Brooklyn and Queens, Plaintiffs,

v.

Elizabeth SHAW, as the Executrix of Vincent D. Shaw, deceased, Thomas J. Moore, Clinton Judge, Andrew J. Heummer, Thomas Fabbricatore, Peter J. Brennan, the United States Fidelity and Guaranty Co. and the Continental Insurance Co., Defendants.

No. 66–C–176.

United States District Court
E. D. New York.

Jan. 9, 1970.

James M. Malone, Brooklyn, N. Y., for plaintiffs.

Francis E. Dorn, Brooklyn, N. Y., for defendants, Heummer, Fabbricatore and Brennan.

**2**

TRAVIA, District Judge.

This is an action under § 501(b) of the Labor-Management Reporting and Disclosure Act (LMRDA) of 1959, 29 U.S.C.A. § 501(b). The plaintiffs have sued various officials of their local union, Local 70 of the Bartenders' Union of Brooklyn and Queens; and several trustees of joint union-management welfare and pension plan trust funds. The defendants Heummer, Fabbricatore and Brennan, employer-appointed members of the joint trust funds, have moved to dismiss the sixth and seventh causes of action of the complaint on the ground that no jurisdiction of the subject matter exists as to them.

The amended complaint, in relevant substance, alleges that the plaintiffs and defendants are all residents of the Eastern District of New York. The plaintiffs are members of Local 70 Bartenders' Union of Brooklyn and Queens, affiliated with and chartered by the Hotel and Restaurant Employees and Bartenders International Union, AFL–CIO, and the defendants are trustees of the joint trust funds. Jurisdiction is based solely on 29 U.S.C.A. § 501(a) and (b). Appropriate demands upon the Local's executive board to institute action and leave to sue granted by this Court are alleged.

The sixth cause of action alleges the establishment of a welfare fund by the local and an employer's association in 1958, financed by employers' contributions. The union-appointed trustees are the defendants Shaw, Moore, and Judge, while the employer-appointed trustees are the defendants Heummer, Fabbricatore, and Brennan. Plaintiffs allege that all of these trustees " * * * are officers of local 70 within the meaning of 29 U.S.C. Section 402(n) and Section 402(q); and 29 U.S.C. Section 501(a)." The trustees administer and operate the fund. However, the amended complaint alleges, between April 1, 1962 and March 31, 1964, the trustees diverted several thousand dollars from the fund's cash account, while improperly spending other thousands of dollars on fees, commissions, and administrative expenses. In addition, the allegations continue, several thousand dollars were illegally spent on expenses during the period from April 1, 1960 to March 31, 1962. Furthermore, the employers owed several thousand dollars to the trust funds, which were not paid, and which the trustees negligently failed to collect. The actions of the trustees allegedly were in violation both of the union's governing international constitution and local by-laws, as well as of the duties established in 29 U.S.C.A. § 501(a).

The seventh cause of action is similar to the sixth, except that it is directed to the defendants as trustees of the local's pension fund, established in 1965. As in the sixth cause of action, the defendants are alleged to be officers of the union within the meaning of 29 U.S.C.A. §§ 402(n) and (q) and 501(a). Improper expenditures by the defendants from the fund are alleged, amounting to several thousand dollars. Some of the allegations are of payments directly to the defendants, while others are of improper and excessive expenditures by the defendants.

Plaintiffs now claim that the employer-appointed trustees are either officers or representatives within the meaning of 29 U.S.C.A. § 501(a) and (b).

I. Section 501 of Title 29 does not expressly refer to trust funds, or to employer-appointed members of joint union-management trust funds. If § 501(b) is not applicable to this action, then there is no jurisdiction in this Court since there is neither diversity of citizenship nor any other basis for jurisdiction.

On a prior appeal in this action, the Second Circuit posed—and left unanswered—the questions now squarely before this Court:

"First is the broad one that section 501(a) does not apply to any trustee of a welfare trust fund, whether he be union or employer appointed. Second is the more limited assertion that, in any event, section 501(a) cannot apply

to the three defendant employer-trustees, who are not officers of the union or even members. Appellants offer a number of theories in support of their positions; e. g., the trustees are not 'officers, agents, shop stewards, and other representatives of a labor organization' as these terms are used in section 501(a) and defined in 29 U.S.C. §§ 402(i), (n), and (q); since the bonding requirement of section 502 specifically applies to trusts, the failure of section 501 to mention trusts indicates congressional intent to exclude them; another statute—The Welfare and Pension Plans Disclosure Act [4] ["4. 29 U.S.C. §§ 301–309."] —furnishes the sole obligations of a trustee of a welfare trust." Tucker v. Shaw, 378 F.2d 304, 307 (2d Cir. 1967).

The allegation in the complaint that the employer-appointed defendants are "officers" of Local 70 within the meaning of 29 U.S.C.A. § 402(n) [1] appears untenable in light of the language of that subsection requiring such officers to be those who exercise executive functions of the union.

This conclusion is supported by a colloquy during Congressional debates on the LMRDA between Senator Allott and Senator Goldwater which raised the question whether the definition of "officers" now substantially in 29 U.S.C.A. § 402(n) included trustees of welfare and pension funds. The Senators concluded that it did not. Both Senator Allott and Senator Goldwater indicated that they would have preferred an amendment to enlarge the definition to include such trustees. 2 Leg.Hist. LMRDA 1091(3). [2] But that proposal was withdrawn. 2 Leg.Hist. LMRDA 1095(3)–1096(1). Absent language such as was in the McClellan amendment to S. 1555, § 509 (§ 610 of S. 1555, 1 Leg.Hist. LMRDA 576–577, as passed by the Senate), [3] which specifically referred to trust funds, trustees would not be "officers" for the purposes of 29 U.S.C.A. § 501. Whether union-appointed trustees could be "other representatives of a labor organization," see 29 U.S.C.A. §§ 402(q) [4] and 501(a), (b), was not alluded to in this colloquy.

Comparison of statutory sections, Congressional reports, and Congressional debates at the time of the passage of § 501 of the LMRDA (popularly known as the Landrum-Griffin Act) indicates that, at least as to employer-appointed trustees, Congress did not intend pension and welfare fund trustees to be subject to the fiduciary duties specially established by § 501(a) or to be subject to the newly created Federal Court jurisdiction of § 501(b).

Sections 501 and 502 appear to have distinct roles in the protection of union members against breaches of fiduciary duties by their leaders. Section 501(a) [5] fixes fiduciary duties on various union officials—apparently a duty previously

1. 29 U.S.C.A. § 402(n): " 'Officer' means any constitutional officer, any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body."

2. References to Leg.Hist. LMRDA refer to 1 and 2 NLRB, Legislative History of the Labor-Management Reporting and Disclosure Act of 1959.

3. For texts of unadopted bills, see Appendix.

4. 29 U.S.C.A. § 402(q): " 'Officer, agent, shop steward, or other representative', when used with respect to a labor organization, includes elected officials and key administrative personnel, whether elected or appointed (such as business agents, heads of departments or major units, and organizers who exercise substantial independent authority), but does not include salaried nonsupervisory professional staff, stenographic, and service personnel."

5. 29 U.S.C.A. § 501(a): "The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. * * * *"

not generally present in the law, Federal or State. *Compare* § 501(a) *with* N.Y. Labor Law, McKinney's Consol.Laws, c. 31, §§ 722, 723 (fixing fiduciary duties on union officials and agents; adopted 1959 [same year as § 501]). However, no fiduciary duty is fixed in specific terms on trustees of union-employer trust funds by § 501. Instead, "trust in which a labor organization is interested" is specifically defined, § 402(*l*); [6] it is specifically included in § 502,[7] which requires bonding of trust officials (as well as of union officials who handle funds); and it is also specifically included in § 523(a),[8] which preserves any duties of and rights against trust officials and union members under State laws.

Prior to enactment of the LMRDA of 1959, New York, at least, did have a statutory provision making trustees of union trust funds fiduciaries. *See* N.Y. Insurance Law, McKinney's Consol. Laws, c. 28, § 37–*l*(6); N.Y. Banking Law, McKinney's Consol.Laws, c. 2, § 71 (6); cf. N.Y.CPLR § 7701 (actions "to determine a matter relating to any express trust * * *").

Thus, Congress, as is evident from § 523(a), concerned with preserving State laws and remedies where not superseded by Federal law, and, as is indicated in Gurton v. Arons, 339 F.2d 371, 375 (2d Cir. 1964), concerned with not having Federal courts interfere inordinately in the internal affairs of unions, created only a limited right and a limited remedy. Neither the New York Labor Law, nor the Insurance Law, nor the Banking Law, require trustees or union officials to be bonded. This gap is filled by §. 502 of the Federal law.

Trusts are explicitly dealt with in the Federal law where Congress' intent to control them is apparent. Thus, 29 U. S.C.A. §§ 301 et seq. provide for publication, disclosure and reporting of union pension and welfare plans. No regulation of the internal affairs of these plans is provided for in these sections. Penalties and liabilities for failures to report and disclose are provided. 29 U. S.C.A. § 308. Similarly, 29 U.S.C.A. § 186(e) provides for jurisdiction of suits to restrain payments by employers to trust funds not complying with the exceptions in § 186(c) (5).[9] *See also*

---

6. 29 U.S.C.A. § 402(*l*): " 'Trust in which a labor organization is interested' means a trust or other fund or organization (1) which was created or established by a labor organization, or one or more of the trustees or one or more members of the governing body of which is selected or appointed by a labor organization, and (2) a primary purpose of which is to provide benefits for the members of such labor organization or their beneficiaries."

7. 29 U.S.C.A. § 502(a): "Every officer, agent, shop steward, or other representative or employee of any labor organization * * * or of a trust in which a labor organization is interested, who handles funds or other property thereof shall be bonded * * *."

8. 29 U.S.C.A. § 523(a): "Except as explicitly provided to the contrary, nothing in this chapter shall reduce or limit the responsibilities of any labor organization or any officer, agent, shop steward, or other representative of a labor organization, or of any trust in which a labor organization is interested, under any

other Federal law or under the laws of any State, and, except as explicitly provided to the contrary, nothing in this chapter shall take away any right or bar any remedy to which members of a labor organization are entitled under such other Federal law or law of any State."

9. 29 U.S.C.A. § 186(c): "The provisions of this section shall not be applicable * * * (5) with respect to money * * * paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer * * * *Provided*, That (A) such payments are held in trust for the purpose of paying * * * for the benefit of employees * * * for medical or hospital care, pensions * * * or death of employees * * *; (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and the employees and employers are equally represented in the administration of such fund * * *; and (C) such payments * * * are made to a separate trust * * *."

Giordani v. Hoffmann, 295 F.Supp. 463, 477 (E.D. Pa.1969). Plaintiffs seek to make an analogy to the fact that under § 186(a) (1) and (c) (5), a trust fund may be treated as a "representative." They argue that therefore the trust fund—or the trustees, even if employer appointed—is a "representative" for the purposes of § 501. However, in each of the sections, both the word "trust" is used differently, *compare* § 402(*l*) *with* § 186(c) (5), and the word "representative" is used differently. In § 186(a) (1),[10] "representative" is "representative of any of his [the paying employer's] *employees*," while in § 501(a), the "representative" is "of a *labor organization*" (emphasis supplied). Thus, in § 186(a) (1), the statute is referring to the labor union itself, its agents, and others representing the interests of employees, and has been interpreted to include employer trustees of trusts, Giordani v. Hoffmann, *supra*, 295 F.Supp. at 475, as representatives of the employees. On the other hand, § 501(a) seems to be limited to those who are in some manner working for or connected with the labor organization, and not to those working on a board of trustees as coordinate representatives of a management which is usually in an "adversary" position in other labor-management relations.

Section 501(b)[11] provides for jurisdiction over the same "* * * officer[s], agent[s], shop steward[s], or representative[s] of [a] labor organization * * *" as are subjected to fiduciary duties by § 501(a). No difference in interpretation of these two subsections seems appropriate.

The Congressional reports on the LMRDA are consistent in referring to "trust in which a labor organization is interested" in the bonding section [now § 502] and omitting such a reference in the "fiduciary" and jurisdictional section, § 501. *See* Minority Views to the Senate Report on S. 1555 (Sens. Goldwater and Dirksen), objecting to the failure in an early version of the LMRDA to provide for fiduciary obligations of union officials, but making no mention of trust funds. 1 Leg.Hist. LMRDA 468. The House committee report, H. Rep.No.741 on H.R. 8342, makes the same distinction:

"8. Fiduciary and bonding requirements—Each bill imposes fiduciary responsibilities upon union representatives [§ 501] and requires bonding of representatives and employees of unions and of trusts in which labor organizations are interested, who handle or control funds or property of such organizations [§ 502] * * *." 1 Leg.Hist. LMRDA 763.

This distinction is repeated elsewhere in the House report, H.Rep.No.741. *Id.* at 769; *Id.* at 802–803 (describing the provisions of §§ 501 and 502; no indication that trustees of funds were to be included within § 501); *Id.* at 805–06 (description of section providing for retention of state rights and remedies, including rights regarding trust funds). The Senate Committee Analysis, describes §§ 501 and 502, making a distinction between "* * * union officers, agents, shop stewards, and other representatives * * *" of § 501 on the one hand, and "* * * officer[s], agent[s], shop steward[s], or other representative[s] or employee[s] of any union * * * or of any trust in which a labor union is interested" of § 502 on the other hand, *id.* at 960–961, and describes the provision preserving State rights as being ap-

10. 29 U.S.C.A. § 186(a): "It shall be unlawful for any employer * * * to pay * * * any money * * * (1) to any representative of any of his employees * * *."

11. 29 U.S.C.A. § 501(b): "When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared

in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative * * *" in a Federal or State Court.

plicable both to union officials and to officials of trusts concerning unions. *Id.* at 963.

Debates in Congress and the derivations of § 501(a) and (b) shed further light on the meaning of these provisions. The absence of any reference to welfare and pension trust funds, or to trusts in which a labor organization is interested, in § 501 appears to have been deliberate. These trusts were originally discussed and included while the LMRDA was being drafted, but they were later omitted from the statute as enacted.

The contents of section 501(a) and (b) were not in the Senate bill, S. 1555, as reported out of committee. That bill, as reported, had provisions for reporting and disclosure by union officials, S. 1555, § 102, 1 Leg.Hist. LMRDA 345 ff., and also contained a provision allowing union member suits against officers who were *convicted* of embezzling and similar acts. § 109(b). 1 Leg.Hist. LMRDA 358 f.

During the Senate debates, Senator McClellan introduced an amendment, as § 509 to S. 1555, 2 Leg.Hist. LMRDA 1128, which provided that union officers, agents, representatives, as well as officers, agents and representatives of "a trust in which [such] organization is interested" [a term which was to be defined by a simultaneously proposed amendment to S. 1555, § 501, adding S. 1555, § 501(k)], had fiduciary duties as to union monies and funds in their custody. This amendment was adopted by the Senate, including the language specifically referring to labor organization trusts. 2 Leg.Hist. LMRDA 1133(3). Two issues were raised regarding this amendment during the debates.

First, Senator Javits expressed concern that although the amendment would have established fiduciary duties adopting "* * * all the common law, all the State law, and all the Federal law * * *" as to the definition and extent of fiduciary responsibilities, there was no remedy provided in the McClellan amendment. 2 Leg.Hist. LMRDA

1129(1); *see generally id.* at 1128–1133. He was answered by Senator McClellan, who indicated that he had "* * * another amendment along that line." *Id.* at 1129(1). Subsequently, Senator Javits again brought up the question of providing a Federal remedy for the new right of union members to hold their officers to fiduciary obligations. *Id.* at 1132(2). Both Senators Javits and McClellan indicated that they had bills to submit providing for suits by union members in Federal courts. Senator Javits' amendment was adopted as subsec. (b) to S. 1555, § 109 [§ 209(b) of S. 1555 as it passed the Senate]. 2 Leg.Hist. LMRDA 1134–1135. It was limited to "* * * any officer or employee of any labor organization * * *" and provided that they might be sued when they were "alleged" to have embezzled or to have committed any of several other specified acts. S. 1555, § 109(b), as reported by the committee, had provided for suits only after *convictions* for embezzlement, theft and unlawful abstraction and conversion of union funds. No labor-organization-interested trust, such as was mentioned in S. 1555, § 509 (the McClellan Amendment establishing fiduciary duties), was included in S. 1555, § 109(b) (establishing right to sue) (§ 209(b) as passed, 1 Leg.Hist. LMRDA 538–539), nor was the right to sue broad enough to allow suits for breaches of fiduciary duty such as are included in the present 29 U.S.C. A. § 501(b). *Cf.* Senator Goldwater's comparison between § 501(b) of the House (Landrum-Griffin) bill, which was finally adopted as 29 U.S.C.A. § 501(b), and § 209(b) of S. 1555 as passed by the Senate, 2 Leg.Hist. LMRDA 1359–1360; Sen. Goldwater's remarks, 2 Leg.Hist. LMRDA 1454(3); Sen. Goldwater's Extension of Remarks, 2 Leg. Hist. LMRDA 1852(1) (right to sue for breach of fiduciary duty, as well as in cases of embezzlement and theft, incorporated in 29 U.S.C.A. § 501(b)).

The second issue raised in the Senate regarding the provisions from which § 501(a) and (b) derived was whether

pension and welfare trust funds were to be governed by the fiduciary duties as set out in the McClellan amendment, S. 1555, § 509 (§ 610 as passed). Senator Allott indicated that he thought such funds were not covered by Senator McClellan's amendment, and that therefore he would add his own amendment. Senator McClellan answered that he believed his own "* * * amendment [S. 1555, § 509] does cover welfare funds. It covers trust funds in which a union may be interested." 2 Leg.Hist. LMRDA 1132(3). The definition of such trusts was considered to include both pension funds and welfare funds. Senator Allott later indicated that he was satisfied that the funds were included in S. 1555, § 509, as Senator McClellan had indicated. *Id.* at 1133(2).

Despite the specific references to including welfare and pension fund trusts in the section establishing fiduciary duties, S. 1555, § 610 as passed, they were completely omitted from the Javits amendment providing for a Federal remedy S. 1555, § 209(b) as passed. Thus, in the Senate bill, S. 1555 as passed, the fiduciary duty section, § 610, and the right to sue where allegations of embezzlement, theft, or unlawful-and-willful abstraction and conversion-for-own-use are made section, § 209(b), had different language. The right to sue in Federal court provision was more restricted in scope than the imposition of fiduciary duty provision. Both sections were placed in widely separated parts of the bill, although they arose from the same basic concerns in the same debate in the Senate.

In the House of Representatives, there do not seem to have been debates on the specific provisions which became 29 U.S.C.A. § 501(a) and (b). H.R. 8342 as reported, the bill of Representative Elliott, included §§ 501(a) and (b) and 502 (a bonding provision) in substantially the same language as they appear in the statute as enacted. Thus, § 501(a) applies to "* * * officers, agents, shop stewards, and other representatives of labor organizations

* * *," and § 501(b) applies to the same persons in the singular ["When any officer, agent * * *"]. But the phrase which was considered necessary by Senator Allott in order to cover welfare and pension funds, i. e., "trust in which a labor organization is interested," was omitted. When the Landrum-Griffin bill, H.R. 8400, was substituted on August 13, 1959, 2 Leg.Hist. LMRDA 1691–1692, for the Elliott bill, §§ 501 and 502 remained unchanged. *Compare* H.R. 8342, §§ 501, 502, *with* H.R. 8400, §§ 501, 502. The Landrum-Griffin bill was the bill finally enacted by Congress. None of the debates sheds any light on the dropping of the language from S. 1555, § 610 when its provisions, as changed, became § 501(a). And S. 1555, § 209(b) was completely revised, so as to allow suits for breaches of fiduciary duties as well as for alleged breaches of criminal law, when it was transformed in the House bills to § 501(b).

It should be noted that the provisions for bonding, which became 29 U.S.C.A. § 502, derived from S. 1555, § 308 as passed by the Senate, 1 Leg.Hist. LMRDA 553–554, and included reference to "* * * a trust in which such organization is interested * * *." *Compare* S. 1137 as referred (Senator McClellan's bill), § 102(6) (no reference to trust funds in the bonding provision), 1 Leg.Hist. LMRDA 273, *with* 29 U.S.C.A. § 502. The reference to labor-organization-interested-trusts was included in both the Elliott bill, H.R. 8342, and the Landrum-Griffin bill, H.R. 8400, as § 502, substantially as finally enacted.

The conclusion from the foregoing analysis is that employer-appointed trustees of joint union-management pension and welfare trust funds are not, and were not intended by Congress to be, subject to the fiduciary obligations of 29 U.S.C.A. § 501(a) or to the jurisdiction of this Court under 29 U.S.C.A. § 501(b).

II. The cases cited by the plaintiffs do not support its theory of Federal court jurisdiction, absent diversity, in

this case for the claims against the employer-members of the board of trustees.

Thus, both Gurton v. Arons, *supra*, (where the Second Circuit held that § 501 is not applicable to acts of union officials not involving funds and property of the union), and Charles v. Amer. Fed. of Musicians of U.S. & Can., 241 F. Supp. 595 (S.D.N.Y.1965), involved suits against undisputed officers of the unions involved, and not against trust funds. Similarly, Holdeman v. Sheldon, 204 F.Supp. 890 (S.D.N.Y.1962), where the Court found a basis for an action under § 501, was a suit against two union officers for alleged improper expenditures of union funds. The court was not concerned with trusts or employer-members as trustees.

Jensen v. Garvison, 241 F.Supp. 523 (D.Or.1965), found that joint union-employer trust funds were "representatives of employees" but, as in Giordani v. Hoffmann, *supra*, this was a determination for the purposes of 29 U.S.C.A. § 186(a), and not for the purposes of the distinct standard of "labor organization" representatives of § 501(a) and (b).

Booth v. Security Mut. Life Ins. Co., 155 F.Supp. 755 (D.N.J.1957) was decided prior to the enactment of § 501 and was a diversity action. 155 F.Supp. at 757. It is thus irrelevant to the present jurisdictional question.

Nelson v. Johnson, 212 F.Supp. 233 (D.Minn., 1963), aff'd sub nom., Johnson v. Nelson, 325 F.2d 646 (8th Cir. 1963), held union officials (president and treasurer) liable for breach of fiduciary duty under § 501, but it did not make the further extension of holding employer-appointed trustees of joint trust funds to be union officials.

Plaintiffs misinterpret Aho v. Bintz, 290 F.Supp. 577 (D.Minn.1968), which did not involve trustees of a joint trust fund, but "trustees" [*cf.* 29 U.S.C.A. § 461 et seq., "Trusteeships" of national unions over "subordinate local organization[s]"] from an international union who had taken control of a local union. The Court held that such "trustees"

were also "agents or 'other representatives' of the Local," 290 F.Supp. at 580, and had become so "* * * from the actions of these * * * men, in servicing the Local, attendings [*sic*] its meetings, advising its officers, and talking directly with the employer * * *." *Id.*

Plaintiff suggests that Morrissey v. Curran, 302 F.Supp. 32, 35 (S.D.N.Y. 1969) (Bonsal, D. J.), is a holding that § 501 applies to welfare and pension funds. Trustees of a pension fund, established solely by the National Maritime Union, were held to have fiduciary duties because of § 501, and thus to be subject to Federal jurisdiction. However, it seems that the persons held liable were at least chosen as trustees by the union, even if they were not members of the union (the defendant, Freedman, was apparently the attorney for the union, as well as a trustee for the trust fund). Having been chosen by the union, the decision was presumably made on the ground that the defendants were "* * * representatives of a labor organization * * *" for the purposes of § 501(a) and (b). No light is thus thrown on the present issue of the jurisdiction of this Court over the employer-appointed trustees, who would not appear to be "representatives of" the labor organization, or to be "officers" of the labor organization, as defined in 29 U.S.C.A. §§ 402(n) and (q).

III. The Court, sua sponte, raised the question of whether the Court might have jurisdiction under the doctrine of "pendent jurisdiction" over State claims against the employer-appointed defendants, since the claims against the union-appointed trustee defendants, based on 29 U.S.C.A. § 501, and the claims against the employer-appointed trustee defendants, which cannot be raised under § 501 but which may be appropriate under New York law, are closely related in facts, evidence to be adduced, and policy considerations. These State claims would be based on N.Y. Labor Law § 725(3) (enforcement of fiduciary obligations against employers inducing or par-

ticipating in violations of fiduciary obligations by union officials), on N.Y. Insurance Law § 37 et seq., and particularly § 37–*l* (employee welfare funds; fiduciary responsibility of trustees), or on N.Y. Banking Law § 60 et seq., and particularly § 71 (employee welfare trust funds; fiduciary responsibilities). If applicable, the function of pendent jurisdiction in this case would be to bring in the claims against the three employer-appointed defendants.

"Pendent jurisdiction" is the theory that where there are both Federal and State bases for relief alleged in a complaint a Federal court may, in appropriate circumstances, hear and determine the State claims, although there is no independent jurisdictional basis for them.

In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court indicated that the pendent jurisdiction doctrine should be treated unrestrictedly so as to allow a common trial of Federal and State claims when:

"The state and federal claims * * * derive from a common nucleus of operative fact. * * * [I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Id.* at 725, 86 S.Ct. at 1138 (fn. omitted).

However, the *Gibbs* case, *supra*, was decided in the context of a suit in which both the State and Federal claims were between the same parties. Pendent jurisdiction, while used to bring in a State claim which the Court would otherwise not have power to hear, was not used to create jurisdiction against totally different parties. That is what an application of pendent jurisdiction to this action would require.

Although judicial economy might be favored by allowing the action against the employer-appointed trustees defendants to stand, jurisdiction to do so does not exist. Rather than being an action in which all of the present defendants are indispensable to the fair adjudication of the questions involved, this is an action against trustees of joint funds, who are both jointly and severally liable and may be sued individually when all are not within the jurisdiction of the Court. Booth v. Security Mut. Life Ins. Co., *supra*. That some of the claims against some of the defendants are subject to the jurisdiction of this Court does not make the other claims against the defendants into ones which the plaintiff " * * * would ordinarily be expected to try * * * [with the claims over which the Court has jurisdiction] in one judicial proceeding * * *." United Mine Workers v. Gibbs, *supra*, 383 U.S. at 725, 86 S.Ct. at 1138. Indeed, since the claims against the employer-appointed trustees are solely State claims, the plaintiff would ordinarily be expected to try them in State courts. And it is only by the special doctrine of pendent jurisdiction that both Federal and State claims between the same parties may be tried together in the Federal courts.

In a case with facts analogous to the present action, Maher v. Newtown Creek Towing Co., 190 F.Supp. 933 (S.D.N.Y. 1961) (Weinfeld, D.J.), it was held that pendent jurisdiction would not bring in other parties over whom original jurisdiction does not lie because the controversy with them is not one within the subject matter jurisdiction of the Court. In the *Maher* case, jurisdiction against one of the defendants was based on the Jones Act (Federal question jurisdiction). On the same facts, requiring the same evidence, the plaintiff asserted a claim against another defendant based on State law. There was no diversity between the plaintiff and the second defendant, and jurisdiction, if sustained, could exist only by way of pendent jurisdiction. The Court rejected this jurisdictional theory as a means to bring in parties as to whom there would other-

wise be no jurisdiction, despite plaintiff's arguments that "* * * 'practical considerations' of judicial economy and the elimination of duplicitous litigation which underlie the doctrine of pendent jurisdiction * * *" should allow retention of jurisdiction. 190 F.Supp. at 934. That a cause of action over which the Court lacked jurisdiction was joined with a cause of action—over other defendants—over which the Court had jurisdiction, did not overcome the lack of jurisdiction for the former cause of action. Where jurisdiction does not exist, it cannot be assumed as a "pendent" action unless the same cause of action exists as between the same parties. *Cf.* Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969). But *cf.* Wilson v. American Chain & Cable Co., 364 F.2d 558 (3d Cir. 1966).

Additionally, unlike the situation in United Mine Workers v. Gibbs, *supra,* where the same acts were alleged for both Federal and State causes of action, the individual expense accounts of the employer-appointed trustees here are not properly the subject of Federal claims, while the accounts of the union-appointed trustees may well be proper Federal claims. Different proof may well be required for each.

Pendent jurisdiction is, therefore, not available.

Accordingly, it is

Ordered that the sixth and seventh causes of action as against defendants Heummer, Fabbricatore and Brennan are dismissed for lack of subject matter jurisdiction.

## APPENDIX

S. 1137, § 102(6), as referred to committee [1 Leg.Hist. LMRDA 273]:

"BONDING.—All officers, agents, representatives, and employees of any labor organization who handle funds of such organization shall be bonded for the faithful discharge of their duties in the handling of such funds * * *."

S. 1555, § 109(b), as reported by committee [1 Leg.Hist. LMRDA 358–359]:

"When any officer or employee of any labor organization has been convicted of embezzling, stealing, or unlawfully and willfully abstracting or converting to his own use or the use of another any money or property of the labor organization in violation of the provisions of subsection (a), and the labor organization or its governing board or officers refuse or fail to sue to recover such money or property or the value of the same within six calendar months after being requested to do so by any member of the labor organization, any member of the labor organization may sue the convicted officer or employee in any district court of the United States or in any State court of competent jurisdiction to recover such money or property or the value thereof for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation. Nothing in this subsection shall reduce or limit the responsibilities of any officer or employee of a labor organization under any other law of the United States or the law of any State, and nothing in this subsection shall take away any right or bar any remedy to which members of a labor organization are entitled under any such law."

S. 1555, § 209(b), as passed Senate [1 Leg.Hist. LMRDA 538–539]:

"When any officer or employee of any labor organization is alleged to have embezzled, stolen, or unlawfully and willfully abstracted or converted

to his own use or the use of another any money or property of the labor organization, and the labor organization or its governing board or officers refuse or fail to sue to recover such money or property or the value of the same or for other appropriate relief within four calendar months after being requested to do so by any member of the labor organization, any member of the labor organization may sue such officer, representative, or employee in any district court of the United States or in any State court of competent jurisdiction to recover such money or property or the value thereof or for other appropriate relief, for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation. Nothing in this subsection shall reduce or limit the responsibilities of any officer or employee of a labor organization under any other law of the United States or the law of any State, and nothing in this subsection shall take away any right or bar any remedy to which members of the labor organization are entitled under any such law."

S. 1555, § 308, as passed Senate [1 Leg. Hist. LMRDA 553]:

"All officers, agents, representatives, and employees of any labor organization engaged in an industry affecting commerce who handle funds of such organization or of a trust in which such organization is interested shall be bonded for the faithful discharge of their duties in the handling of such funds * * *."

S. 1555, § 610, as passed Senate [1 Leg. Hist. LMRDA 576–577]:

"Every officer, agent, or other representative of a labor organization engaged in an industry affecting commerce, or of a trust in which such organization is interested, shall, with respect to any money or other property in his custody or possession by virtue of his position as such officer, agent, or representative, have a relationship of trust to any such labor organization and the members thereof, or to any such trust and the beneficiaries thereof, and shall be responsible in a fiduciary capacity for such money or other property, notwithstanding any exculpatory clause or action purporting to exempt him from such responsibility."