**Albert GIRALDO and Frank Schonfeld, as Trustee of District Council No. 9 Staff Pension Plan, Plaintiffs,**

**v.**

**Samuel ROSEN et al., Defendants.**

**No. 72 Civ. 3263.**

United States District Court, S. D. New York.

Jan. 23, 1973.

Easton & Echtman, New York City, for plaintiffs; Henry J. Easton, New York City, of counsel.

Michael F. Dennis and Nierenberg, Zeif & Weinstein, New York City, for defendants Rosen, Reese, Savarese, Levy and Penza; Michael F. Dennis, Saul I. Weinstein, New York City, of counsel.

Szold, Brandwen, Meyers & Altman, New York City, for defendant Amalgamated Bank of N. Y.; Arthur Gussaroff, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This is a motion by plaintiffs for a preliminary injunction pursuant to Rule 65, Fed.R.Civ.P., restraining defendant trustees from paying legal fees due in another action with funds of a certain trust, and restraining defendant Amalgamated Bank of New York from honoring checks drawn on the account of the trust. Defendant trustees have moved for an order pursuant to Rule 12(b), Fed.R.Civ.P. to dismiss the complaint on the ground, *inter alia*, that the Court does not have jurisdiction of the subject

matter. For the reasons hereinafter stated, plaintiffs' motion for a preliminary injunction is denied and defendants' motion to dismiss the complaint is granted.

Plaintiff Schonfeld is Secretary-Treasurer and plaintiff Giraldo is a business representative of the International Brotherhood of Painters & Allied Trades, District Council No. 9 ("DC 9"). The individual defendants are the trustees (along with Schonfeld) of a trust dated February 1, 1965, which established the DC 9 Staff Pension Plan ("Plan") for the officers and employees of the union, under which DC 9 made weekly contributions of 10% of the wages of the participants in the Plan.[1]

In 1968 certain moneys belonging to the Plan were deposited in an escrow bank account. Plaintiffs and defendants differ on the reasons and responsibilities for this action. Legal proceedings were instituted against Schonfeld, individually and as trustee, by the defendant trustees on August 9, 1972, in the Supreme Court, Queens County, for diverting these funds. Plaintiffs argue that the state court action was instituted in bad faith and in pursuit of personal interests.

The instant action seeks to enjoin defendants from violating their positions of trust by wasting the Plan's assets. Plaintiffs ask that the defendant trustees be restrained from proceeding with their state court action against Schonfeld, and that defendant Amalgamated Bank of New York be enjoined from paying out any funds for attorneys fees.

Jurisdiction is alleged to exist under Section 302(e) of the Labor Management Relations Act, 29 U.S.C. § 186(e), and under Section 501(b) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501(b).

Prior to bringing this action, Giraldo and DC 9 brought another action in this Court for substantially equivalent relief. Jurisdiction was alleged under Section 302(e) of the Labor Management Relations Act. Judge Lasker dismissed the complaint for lack of jurisdiction and found that the action was without merit. International Brotherhood of Painters & Allied Trades, Dist. Council No. 9 v. Rosen, Civil No. 72–3021 (S.D.N.Y. July 28, 1972). He suggested that any claims of plaintiffs could be interposed as counterclaims in the state court action.

*Jurisdiction under Section 302(e) of the Labor Management Relations Act.*

■ Section 302(e), 29 U.S.C. § 186(e) confers jurisdiction upon district courts to restrain violations of Section 186 relating to the administration of pension plans for the benefit of employees. Paragraph III(A) of the declaration of trust of the Plan provides:

"The Trustees shall have the power to . . . collect . . . contributions . . . and . . . may take such steps including the institution and prosecution of or the intervention in any proceeding at law . . . as may be necessary or desirable to effectuate the collection of such contributions."

As Judge Lasker correctly pointed out in his decision,

"These provisions of the trust instrument seem clearly to authorize the Trustees who are defendants here to retain attorneys for the purpose of collecting the $50,000 now undisputedly held in escrow, and to do so by any appropriate means, including a suit against the Union's secretary-treasurer. Accordingly, there appears to be no violation of the terms of the Pension Trust."

On this basis Judge Lasker dismissed the action for lack of jurisdiction over the subject matter.

■ In order to meet the jurisdictional requirements of Section 302(e), plaintiffs add to the complaint dismissed by Judge Lasker the allegation that one of the defendant trustees is ineligible to

---

1. The declaration of trust was made between "employer trustees" representing DC 9, appointed by the union, and "employee trustees" representing the full-time employees of DC 9, elected by the employees.

be a trustee representing DC 9 because he is an employee of DC 9. Thus, plaintiffs argue, the equal representation requirement of Section 302(c)(5) is violated.

Assuming *arguendo* that the equal representation requirement of Section 302(c)(5) is applicable and is violated here this court still need not entertain plaintiffs' suit on the authority of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In Insley v. Joyce, 330 F.Supp. 1228 (N.D.Ill.1971), the court cited *Bell* for the following proposition:

> "When a claim is alleged to arise under the Constitution or laws of the United States, the federal district court must entertain the suit except when the alleged claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction. . . ." *Id.* at 1232.

Inasmuch as plaintiffs' real claim is that the trustees are wasting trust assets, whether or not the equal representation requirement is violated is immaterial. It is apparent that the allegation was added solely to obtain jurisdiction.

Thus, since there are no concrete allegations of a violation of Section 302, Section 302(e) cannot confer jurisdiction.

*Jurisdiction under Section 501(b) of the Labor Management Reporting and Disclosure Act.*

██ Plaintiffs also allege that jurisdiction exists under Section 501(b) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. Section 501(b). Section 501(a) fixes fiduciary duties on union officials, and Section 501(b) provides for federal jurisdiction over these officials. The purpose of the section is to insure that unions do not violate their fiduciary responsibilities to their menbers. Here, DC 9 is the employer of all of the beneficiaries of the pension plan. It follows that DC 9 is, for purposes of this motion, an employer, not a labor organization, and therefore Section 501 has no relevance here. *Cf.* Tucker v. Shaw, 308 F.Supp. 1 (E.D. N.Y.1970).[2]

██ Assuming that jurisdiction exists, plaintiffs are still not entitled to a preliminary injunction. As Judge Lasker noted:

> "The plaintiffs have not established the probability that they will succeed on the merits of the case. . . .
>
> "Where sharply contested issues of fact exist as here, it would be imprudent to grant a preliminary injunction."

Plaintiffs have not altered their claims materially and have not alleged further facts which would increase their probability of success.

Accordingly, plaintiffs' motion for a preliminary injunction is denied and defendants' motion to dismiss the complaint is granted.

It is so ordered.

---

2. Hood v. Journeymen Barbers, Hairdressers, etc., 454 F.2d 1347 (7th Cir. 1972), is of no help to plaintiffs. There, the beneficiaries of the union pension fund under consideration were not employees of the union, but were employees of a third party employer. Thus, the purposes of the Act and Section 501 were served by insuring court supervision of the trust funds. On the other hand, all beneficiaries of the DC 9 Staff Pension Plan are employees of DC 9.