**Leonard WEISS, on his own behalf as a stockholder of Sunasco Incorporated and on behalf of all other stockholders similarly situated, Plaintiff,**

v.

**SUNASCO INCORPORATED, Kleiner, Bell & Co., Incorporated, Commonwealth United Corporation, Sunset International Petroleum Corporation, J. L. Wolgin, Sidney Wolgin, Norman Wolgin, Paul Hallingby, Jr., David H. Solms, Thomas T. Fleming, Wilbur L. Ross, Jr. and Wentworth P. Johnson, Defendants.**

No. 68 Civ. 3585.

United States District Court
S. D. New York.

Jan. 24, 1969.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiff.

Breed, Abbott & Morgan, New York City, for defendants Sunasco Incorporated, J. L. Wolgin, Sidney Wolgin, Norman Wolgin, Paul Hallingby, Jr., Thomas T. Fleming and Wilbur L. Ross, Jr.

Golenbock & Barell, New York City, for defendants Commonwealth United Corporation and Sunset International Petroleum Corporation.

Goldfeld, Charak, Tolins & Lowenfels, New York City, for defendant Kleiner, Bell & Co.

MANSFIELD, District Judge.

This action by a stockholder of Sunasco Incorporated ("Sunasco"), a Pennsylvania corporation, against the corporation, eight of its directors and officers (the three Wolgins, Hallingby, Solms, Johnson, Fleming and Ross) and three other parties (Kleiner, Bell & Co., Inc., Commonwealth United Corporation and Sunset International Petroleum Corporation) was commenced by the filing of a complaint containing the following five separate counts:

FIRST: A class action on behalf of Sunasco's $1.65 preferred shareholders against Sunasco only, claiming that the preferred shareholders would be irreparably injured if a proposed Sunasco agreement with defendants Commonwealth United Corporation ("United") and Kleiner, Bell & Co., Inc. ("Kleiner") should be consummated.

SECOND: A derivative suit on behalf of Sunasco against all defendants except Sunset International Petroleum Corporation ("Sunset") alleging a conspiracy to waste corporate assets.

THIRD: A derivative suit on behalf of Sunasco against all defendants except United, Kleiner, Johnson, Fleming and Ross alleging that a certain transaction was ultra vires and a waste of Sunasco's assets.

FOURTH: A derivative suit on Sunasco's behalf against all defendants except United, Kleiner, Johnson, Fleming and Ross alleging a violation of § 14(a) of the Securities Exchange Act of 1934.

FIFTH: A derivative suit on behalf of Sunasco against defendant Sunset only alleging a violation of § 16(b) of the Securities Act of 1934.

Jurisdiction over the first three counts was invoked on grounds of diversity (plaintiff is a resident of New Jersey) and pendency, the fourth and fifth counts claiming federal question jurisdiction.

Following a battery of motions filed by the defendants attacking various counts for lack of jurisdiction and/or insufficiency, plaintiff moved to serve a "proposed amended complaint," the filing of which was not objected to by defendants. Accordingly, pursuant to Rule 15(a), F.R.Civ.P., plaintiff's motion is granted.

The amended complaint seeks to cure the jurisdictional defects of the original action by: (a) dropping count one of the original complaint; (b) dropping defendant Ross from the second and third counts of the original complaint (first and second counts of the amended complaint), since Ross is a citizen of New Jersey, which would defeat diversity,[1] and dropping the individual defendants J. L. Wolgin, Sidney Wolgin, Norman Wolgin, Solms, Johnson and Fleming, from these two counts. As a result of these changes the amended complaint contains four counts:

FIRST: A derivative diversity suit against defendants Kleiner, United, Hallingby and Sunasco only, charging a conspiracy to waste Sunasco's assets to the enrichment of Kleiner and United by causing Sunasco to sell 1,400,000 shares of United stock to Kleiner at $8 per share.

1. On oral argument plaintiff conceded that Ross, by affidavit, had established that he was a citizen of New Jersey, and therefore requested that he be dropped from counts two and three of the complaint (counts one and two of the amended complaint). Defendants did not oppose this request and in anticipation of Ross' proof of citizenship, plaintiff has not included him in counts two and three of his "Proposed Amended Complaint."

SECOND: Another derivative diversity suit against Hallingby and Sunasco only, attacking another transaction (the accrual of unpaid dividends on Sunasco preferred issuable upon exercise of certain warrants) as ultra vires and a waste of Sunasco's assets.

THIRD: A purported derivative action seeking to enforce a liability under § 14(a) of the Securities Exchange Act of 1934.

FOURTH: A derivative suit alleging a violation of § 16(b) of the Securities Exchange Act of 1934 against Sunset only.

In view of the amendments to the complaint, the only issues now presented by defendants' motion are whether the third count of the amended complaint states a valid claim over which this Court has jurisdiction and whether the first three counts of the amended complaint should be severed from the fourth and transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). No objection is raised to the fourth count, which purports to state a claim based on § 16(b) of the Securities Act of 1934.

The third count of the amended complaint, the purported derivative action seeking to enforce a liability arising under § 14(a) of the Securities Exchange Act of 1934, invokes federal question jurisdiction pursuant to § 27 of the Securities Exchange Act of 1934, and "pendent jurisdiction." It alleges that by a proxy statement dated December 15, 1967 Sunasco's board of directors solicited the votes of Sunasco's stockholders for a special shareholders' meeting to be held on January 15, 1968 to approve "the issuance of up to 860,000 shares of Sunasco Common Stock and $1,000,000 in cash to Sunset in exchange for certain real estate interests owned by Sunset and the satisfaction of outstanding obligations of Sunasco to Sunset." It is alleged that the proxy statement was false and misleading in that it represented that as the result of an agreement to share income tax savings Sunasco owed Sunset $2,600,000 whereas in fact Sunasco's obligation to Sunset pursuant to that agreement was $2,000,000; and that at the January 15, 1968 meeting of Sunasco's stockholders "the latter authorized the issuance of approximately 197,235 shares of Sunasco Common Stock to Sunset" and the payment of $1,000,000 in cash to satisfy the obligations of Sunasco to Sunset, including the tax obligation which had been represented in the proxy statement as being $2,600,000. It is further alleged that the individual defendants subsequently caused Sunasco to issue the aforesaid authorized stock and $1,000,000 to Sunset "in satisfaction of the aforesaid obligation to Sunset of $2,982,000, including the aforesaid tax obligation in the amount of $2,600,000 despite the fact that Sunasco's tax obligation to Sunset was only $2,000,000." These acts, plaintiff alleges, damaged Sunasco in the amount of approximately $600,000.

Defendants have moved to dismiss this third count for failure to allege that but for the allegedly misleading proxy statement the damages would not have occurred, contending that such causation must be alleged in order to state a claim under § 14(a) of the 1934 Securities Act. It appears that the representations contained in the proxy statement forming the basis of plaintiff's claim pertained to a relatively minor part of a larger sale by Sunasco to Commonwealth, and that the statement was couched in terms of an approximation or estimate of tax liability which could not yet be definitively ascertained (because the estimate was made prior to the year end); and that it was subject to a reservation to Sunasco's management of the right to alter, amend or modify the plan for clean-up of the Sunasco-Sunset intercorporate relationships forming an essential prelude to Sunasco's sale to United, thus giving Sunasco's management the right to make an all cash settlement (which would not require stockholder approval) rather than the part-cash, part-stock arrangement finally consummated. Defendants urge that since the intercorporate clean-up would in any event have

been effectuated by Sunasco's management, since it could, if necessary, be accomplished without stockholder approval, plaintiff cannot establish the necessary causation and at most could assert a common law claim for waste or mismanagement.

■ Proof that the corporate action under attack and the damages to plaintiff were caused by the alleged violation of § 14(a), and S.E.C. Regulation 14a–9 (17 C.F.R. 240.14a–9) thereunder, is an essential element of a claim derived from § 14(a) of the Exchange Act. J. I. Case Co. v. Borak, 377 U.S. 426, 432, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1963); Hoover v. Allen, 241 F.Supp. 213, 230 (S.D.N.Y.1965); Cohen v. Colvin, 266 F.Supp. 677, 685 (S.D.N.Y.1967); Kaminsky v. Abrams, 281 F.Supp. 501, 506 (S.D.N.Y.1968); cf. List v. Fashion Park Inc., 340 F.2d 457 (2d Cir. 1965); Barnett v. Anaconda Co., 238 F.Supp. 766 (S.D.N.Y.1965). In order to establish such a claim the plaintiff must allege such causation and assume the burden of proving it by a fair preponderance of the evidence. If the corporate action allegedly causing the damages would in any event have occurred regardless of the statements made in the proxy solicitation, the claim, insofar as it is based on § 14(a), must be dismissed.

■ Analysis of the third count reveals that it skillfully avoids making such essential allegations of causation, possibly for the reasons urged by defendants. Although ¶ 42 alleges that Sunasco's stockholders authorized it to issue the shares and cash "in reliance on the proxy statement and in ignorance of its untrue statements and omissions," plaintiff fails to assert that the alleged violation of § 14(a) was the cause of the transaction and the damage to stockholders. Even construing the complaint most liberally in favor of the pleader, Rule 8(f), F.R.C.P., this allegation is insufficient to satisfy the requirements that causation be alleged and proved. Accordingly, insofar as the third count seeks to assert a claim based upon § 14 (a), it must be dismissed with leave to file an amended complaint asserting the essential causation.

■ Plaintiff's alternative contention that the Court has pendent jurisdiction over the third count must be rejected for the reason that the claims do not arise out of a "common nucleus of operative fact," United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), and the third count arises out of transactions that are different in point of substance and time from those forming the basis of the other counts, and different parties are named as defendants. Rosenthal & Rosenthal, Inc. v. Aetna Casualty & Surety Co., 259 F.Supp. 624, 630 (S.D.N.Y. 1966); Maher v. Newton Creek Towing Co., 190 F.Supp. 933 (S.D.N.Y.1961); K. S. Corp. v. Chemstrand Corp., 198 F. Supp. 310 (S.D.N.Y.1961). Of the four defendants named in the first count, only two are named in the third, and the third count names at least five defendants not found in any other count.

The final question raised by defendants' motions is whether counts one, two and three of the amended complaint should be severed from count four and transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). In their initial motions made with respect to the original complaint all defendants moved for transfer, to which plaintiff consented in his cross-motion, provided any defendants not subject to the jurisdiction of the proposed transferee court (E.D.Pa.) would waive jurisdictional objections. However, when United and Kleiner, who are defendants in the first count and not amenable to the jurisdiction of the Eastern District Court of Pennsylvania, stated upon oral argument that they would not renew their motion to sever and transfer as to the amended complaint, and thus would not waive their jurisdictional objection, plaintiff opposed the severance and transfer sought by other movants.

■■ There is currently pending in the Eastern District of Pennsylvania an

action brought by plaintiff which is almost identical with the one presently before this Court. Plaintiff asserts that he brought two actions in order to insure proper service over all defendants, as some were not amenable to process in New York and others could not be served in Pennsylvania (Kleiner, United and apparently Hallingby). Judicial economy would be served by conduct of all proceedings in one action in one federal district rather than through two proceedings in different districts, which will almost inevitably involve duplication and additional expense. If the Court had power to transfer to Pennsylvania those counts which are common to both suits, its discretion would be exercised in favor of such a transfer, since Sunasco, the central figure in the case, has its principal place of business in Philadelphia, most of the directors are located there, the transactions occurred there, and the great bulk of the relevant corporate records are to be found there. Further, it seems unlikely in an action of this character that the presence of the plaintiff would be required for any prolonged periods and undoubtedly the principal witnesses will come from Pennsylvania. In the absence of consent by both sides, however, this Court's power to transfer to another district

> "is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343–344, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960).

Even if we assume that a severance of counts might be granted for the purpose of transfer, Leesona Corp. v. Cotwool Mfg. Corp., 204 F.Supp. 139 (D.S.C. 1962), appeal dismissed, 308 F.2d 895 (4th Cir. 1962), none of the counts in the amended complaint (including the dismissed count) could have been instituted in the Eastern District of Pennsylvania against all of the defendants named in those counts. Kleiner and United are named as parties defendant in the first count and Hallingby is named in both the second and third counts. According to the papers none of these three defendants is amenable to process in the Eastern District of Pennsylvania. This Court therefore lacks the power, absent plaintiff's consent, to transfer any of the separate counts to the Eastern District of Pennsylvania.

Accordingly, plaintiff's motion to amend his complaint as stated in his "Proposed Amended Complaint" is granted, defendants' motion to dismiss count three of the amended complaint is granted, and defendants' motion for transfer of the action to the Eastern District of Pennsylvania is denied.

It is so ordered.