**Richard H. BEATTY et al., Plaintiffs,**

v.

**H. Dale BRIGHT et al., Defendants.**

**Civ. No. 8–2313–C–1.**

United States District Court,
S. D. Iowa, C. D.

Sept. 24, 1970.

Eugene Davis, Ralph R. Randall and D. J. Fairgrave, Des Moines, Iowa, for plaintiffs.

Ross H. Sidney, John G. Black and William B. McDonald, Des Moines, Iowa, for defendants Ronald L. Jensen, Parnell E. Proctor, and defendants Life Investors.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is before the Court on motion of plaintiffs for summary judgment. Pursuant to Order on Pretrial Conference of date June 23, 1970, the sole issue now to be determined is the legality of certain proxy literature of date September 30, 1968, as amended October 22, 1968, under the laws, rules, and regulations of the Securities and Exchange Commission. The Court expressly delimits its present determina-

tion to the legality of such literature under Section 14(a) of the Securities Exchange Act of 1934, as amended 15 U.S.C.A. § 78n(a) and implementing Rule 14a–9(a) (17 C.F.R., § 240.14a–9 (a)). The Court heard oral arguments on this matter September 3, 1970.

This matter is part of an action which seeks recission and damages with respect to a consummated merger authorized pursuant to use of proxy literature allegedly containing false and misleading statements violative of the Securities Exchange Act of 1934.

■ Section 14(a) of the 1934 Act provides in part that it shall be unlawful for any person, by use of the mails or by any means of interstate commerce, "to solicit any proxy or consent or authorization in respect of any security * * * registered on any national Securities Exchange in contravention of such rules and regulations as the Commission may prescribe as necessary." The Commission has implemented this statute by various rules prescribing the conduct of those seeking proxies, consents or authorizations. 17 C.F.R., § 240.14a–1–11. Rule 14a–a(a), 17 C.F.R., § 240.14a–a(a) prohibits the use of false and misleading statements with respect to any material fact or the omission of material facts which would render any statement contained in a proxy solicitation false or misleading. The purpose of Section 14(a) and its implementing rules is to provide full and honest disclosure by those who are seeking to maintain or gain control of a corporation through solicitation of the corporate voting rights of the shareholders. Greater Iowa Corporation v. McLendon, 378 F.2d 783, 795 (8th Cir. 1967).

The proxy literature about which plaintiffs complain was prepared and mailed to shareholders of Gains Guaranty Corporation, an Iowa corporation, by the officers and directors of Gains with respect to shares of Gains registered pursuant to Section 12 of the 1934 Act,

as amended by Act of August 20, 1964, § 3(a), 78 Stat. 569. As a part thereof, a Proxy Statement solicited votes in favor of the then proposed sale of Gains to Life Investors, Inc., also an Iowa corporation. The sale was approved by Gains shareholders at a special meeting conducted by Gains management November 12, 1968, and finalized November 26, 1968.[1]

Plaintiffs ask the Court to hold as a matter of law that the proxy literature is illegal because it omitted to state certain material facts necessary in order to make the statements therein not false or misleading.

Plaintiffs contend that the solicitation herein at issue was materially misleading in two principal respects. They first contend that the proxy material failed to adequately describe two lawsuits which had been filed in the Polk County, Iowa District Court as derivative actions on behalf of Gains and its shareholders, which actions were valuable assets of Gains and which would be appropriated by defendant Life Investors, Inc., without payment to Gains and its shareholders. Plaintiffs next contend that the proxy literature is deficient in that it instructed Gains shareholders that their management recommended approval of the sale without also informing them that their officers and directors had collectively a very keen self-interest in securing approval of the sale.

Plaintiffs assert the right to complain of these alleged violations both derivatively on behalf of Gains and as representatives of the class of certain of its shareholders. Jurisdiction is founded on Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

### THE LAWSUITS

The plaintiffs in the State Court lawsuits are the plaintiffs in the present action now before this Court. The proxy literature herein at issue contains five paragraphs relating to the state court

---

1. Gains is now known as G. G. Company, Inc. and is in the process of dissolution and liquidation.

actions. (Plaintiffs' Exhibit B, pp. 32–33, 76.) These are as follows:

*p. 32*

Litigation

On April 7, 1967, three stockholders of Gains filed in Polk County District Court, Des Moines, Iowa, a petition in equity as a derivative action against certain officers and directors of Gains claiming that payments by Gains for property acquisition fees, insurance commissions and property management fees were made in excess of the amount due for the fair and reasonable value thereof. On April 19, 1968, the same stockholders filed a similar action in Polk County District Court attacking the transaction wherein Gains acquired the Doctors Park property located in Des Moines, Iowa and the management of the consumer finance subsidiaries of Gains.

*p. 33*

The Agreement specifically provides causes of action are included in the definition of the assets being purchased by Life Investors. Accordingly should Gains derive any benefits from these actions, such benefits would become the property of Life Investors.

Gains is named as a defendant in the above suits, but has no financial liability in these actions except to the extent that it may be required to compensate officers and directors who defend the actions for their expenses. In the opinion of counsel, there are meritorious defenses to these actions.

*p. 76*

LAWSUITS

On April 7, 1967, three stockholders of the company filed in Polk County District Court, Des Moines, Iowa, a petition in equity as a derivative action against certain officers and directors of the company claiming that payments by the company for property acquisition fees, insurance commissions and property management fees were made in excess of the amount due for the fair and reasonable value

thereof. On April 19, 1968, the same stockholders filed a similar action in Polk County District Court attacking the transaction wherein Gains acquired the Doctors Park property located in Des Moines, Iowa and the management of the consumer finance subsidiaries of the company.

The company is named as a defendant in both suits, but has no financial liability in these actions except to the extent that it may be required to compensate officers and directors who defend the actions for their expenses. In the opinion of counsel, there are meritorious defenses to these actions.

Plaintiffs contend that this proxy literature is materially misleading because it omits to state certain additional facts in connection with the state court actions necessary in order to make the statements therein not false or misleading. Defendants argue that the proxy material states all material facts concerning these actions. Defendants urge that the laws, rules and regulations of the Securities and Exchange Commission pertinent to proxy material are grounded upon two conflicting policies. These are, say the defendants, the policy requiring full disclosure of all material facts and the general policy against prolix proxy material. It is the position of the defendants that these conflicting policies do not find balance in the level of specificity in disclosure demanded by plaintiffs. The Court also notes that defendants make much of the fact that the proxy statement herein was filed with the Securities and Exchange Commission and examined by its staff. In connection with this last point, the Court considers the following language of the United States Supreme Court in J. I. Case Co. v. Borak, 377 U.S. 426, 432, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423 (1964) dispositive:

The [Securities and Exchange] Commission advises that it examines over 2,000 proxy statements annually and each of them must necessarily be expedited. Time does not permit an independent examination of the facts set out in the proxy material and this re-

sults in the Commission's acceptance of the representations contained therein at their face value, unless contrary to other material on file with it.

The foregoing principle seems even more applicable in the case of an omission as opposed to a false statement. In the latter case the Commission might have opportunity to discover the inaccuracy of an affirmative statement, while in the former case it is nearly impossible to carefully check each proxy statement for omissions.

■ It is now settled that a private right of action including a derivative suit may be predicated upon a violation of the proxy rules promulgated under Section 14(a) of the 1934 Act. *J. I. Case Co.,* *supra.* The complaint in the case now before the Court alleges fourteen omissions of fact in connection with the state court lawsuits in the proxy literature of September 30, 1968, as amended October 22, 1968, caused to be circulated by defendants. The thrust of these allegations is that the proxy material failed to disclose the nature of the claims advanced in the state lawsuits, the amount of the recovery sought therein, and the fact that the named defendants therein were also all of the officers and directors of Gains. Plaintiffs suggest that had Gains stockholders been apprised of the fact that the very persons who were to conduct the special meeting and vote the proxies were being sued for two million dollars because of claimed fraud and breach of fiduciary duty in connection with their dealings with the corporation, these shareholders perhaps would have voted differently.

The complaints in the state court actions are replete with allegations of fraud, self-dealing, conflict of interest and mismanagement on the part of the officers and directors of Gains. The proxy statement, prepared by these very same officers and directors, discloses only that three shareholders instituted two suits in Polk County District Court against *certain* directors and officers claiming that certain payments made by them on behalf of Gains for property acquisition, insurance commissions and

property management were made in excess of the amount due for the fair and reasonable value thereof.

■ In order to maintain an action under Section 14(a) three elements must congeal. There must be a material misstatement or omission in the proxy statement, damage, and causal connection between the deficient proxy statement and the damage sustained. See Smith v. Murchison, 310 F.Supp. 1079, 1087 (S.D. N.Y.1970).

■ A misstatement or omission in a proxy statement is material if the defect therein is of such character that it *might* have been considered important by a reasonable shareholder who is in the process of deciding how to vote. Mills v. Electric Auto-Lite Company, 396 U.S. 375, 384, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). The misleading aspect of the solicitation in question involves failure to reveal with precision the nature of the Polk County, Iowa District Court lawsuits. Generally the issue of materiality, resting as it does upon the reaction of a "reasonable shareholder," cannot be decided by summary judgment. But where the discrepancies in basic data are so large, and the facts misrepresented and withheld are so obviously important to the shareholder that reasonable minds could not differ on the question of materiality, summary judgment is appropriate. Johns Hopkins University v. Hutton, 422 F.2d 1124, 1129 (4th Cir. 1970). This Court concludes that an adequate disclosure of all material facts concerning these lawsuits would have warned Gains stockholders to give more careful scrutiny to the terms of the merger than they might to one under which no such facts were extant. This Court believes that the defects in the proxy statement herein at issue might have been considered important by Gains shareholders who were in the process of deciding how to vote. Therefore, this Court is of the view that the failure to make this disclosure is a material defect as a matter of law which precludes the informed decision at which the 1934 Act aims.

The injury which a stockholder suffers from corporate action pursuant to deceptive proxy literature flows both from the damage done the corporation and from the deceit practiced on the shareholders as a group. See *J. I. Case, supra,* 377 U.S. at 432, 84 S.Ct. 1555. In view of this principle, the Court is satisfied that the damages requisite has been satisfied in this action.

■ The requirement of causal connection between the deficient proxy solicitation and the damage sustained is met by the facts extant under this case. Where there has been a finding of materiality, as here, a shareholder has made a sufficient showing of causal relationship between the deficiency and the injury for which he seeks redress if he proves that the proxy solicitation itself was an essential link in the accomplishment of the transaction. This Court concludes that the papers and pleadings now before it, viewed whole, establish that the proxy solicitation was an essential link in the accomplishment of the sale of Gains to Life Investors, Inc.

## THE RECOMMENDATIONS OF GAINS' MANAGEMENT

Plaintiffs maintain that the proxy literature is deficient under the laws, rules, and regulations of the Securities and Exchange Commission because it instructed Gains shareholders that their management recommended approval of the sale without also informing them that their officers and directors had collectively a very keen self-interest in securing approval of the sale. This self-interest is said by plaintiffs to subsist in the fact that the potential two million dollar liability under the state court lawsuits of the officers and directors would be extinguished by consummation of the sale. The terms of sale provided that all causes of action in the name of Gains would be transferred to, and appropriated by Life Investors, Inc. without payment therefor to Gains and its shareholders. Plaintiffs take the position that the ultimate effect of the sale and transfer was the elimination of the potential liability

against the officers and directors, since the purchaser, Life Investors, had no intention of prosecuting these claims. The Court recalls that on December 30, 1968, it enjoined defendants from dismissing the state court suits. This followed the efforts of defendants to secure a dismissal thereof on the basis of the sale.

The Court notes that the proxy literature recited that the Gains Board of Directors strongly recommends approval of the sale. (Plaintiffs' Exhibit "B".) The Court further notes that the fact of possible conflict of interest on the part of management is nowhere stated in the proxy material.

It has been held that Section 14(a) of the 1934 Act requires that if management undertakes the task of giving its advice in proxy literature, management's interest in having its advice acted upon must be disclosed with equal emphasis. That is, the recommendations of management must be equally balanced with disclosures concerning management's self-interest. See Mills v. Electric Autolite Company, 403 F.2d 429, 435 (7th Cir. 1968). This Court now must determine the significance of this omission, applying the rules and tests discussed in connection with the omissions concerning the state court lawsuits.

The misleading aspect of the solicitation with respect to management's unqualified recommendation involves failure to reveal a serious conflict of interest on the part of the officers and directors. The Court concludes that this defect in the proxy statement might have been considered important by Gains shareholders who were in the process of deciding how to vote, and is therefore a material defect. The Court further concludes that the elements of damage and causal connection are present in connection with this defect.

■ The Court finds that as a matter of law the proxy statement failed, in connection with the disclosures concerning the Polk County, Iowa District Court lawsuits adequately to bring out all material facts in regard thereto. The Court also finds that as a matter of law the

proxy statement failed, in connection with the recommendations tendered by the officers and directors of Gains, adequately to bring out the conflict of interest on the part of these officers and directors in securing shareholder approval of the sale. These omissions, in terms of Rule 14a–9(a), were omissions of material facts necessary in order to make the statements therein not misleading. It follows that mailing the proxy statement was unlawful under Section 14(a) of the 1934 Act. Accordingly, plaintiffs are entitled to a partial summary judgment on the narrow issue relating to the legality of the proxy literature herein at issue under Section 14(a) and Rule 14a–9(a) of the 1934 Act.

It is ordered that plaintiffs' motion for summary judgment on the issue hereinbefore set out be and is hereby granted.