**EPIC ENTERPRISES, INC., an Oklahoma Corporation, Plaintiff,**

v.

**Dr. John E. BROTHERS et al., Defendants.**

No. 74–C–296.

United States District Court, N. D. Oklahoma, Civil Division.

Jan. 6, 1975.

See also D.C., 395 F.Supp. 777.

Richard T. Sonberg, Tulsa, Okl., for plaintiff.

Robert H. Tips, Tulsa, Okl., for Holbrook.

John R. Richards, Tulsa, Okl., for other defendants; Sneed, Lang, Trotter and Adams by James C. Lang and J. David Trotter, of counsel.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Defendants' Motion To Dismiss, the Court finds and concludes that the same should be granted.

The claims asserted by the Plaintiff are alleged to arise under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a),[1] *a fortiori* Securities and Exchange Commission Rule 14 (a)–9, 17 CFR § 240.14a–9, promulgated thereunder.[2] Prior to September 29, 1973 Defendants were the duly elected and acting Directors of the Plaintiff corporation. On September 29, 1973 Plaintiff held its Annual Stockholders' Meeting for the purpose of electing Directors to serve the following year and to vote on certain proposed amendments to Plaintiff's Articles of Incorporation and Bylaws. In connection with this Annual Stockholders' Meeting Defend-

---

1. This Statute provides:
   "It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title."

2. This Rule provides:
   "(a) No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading."

ants prepared and distributed a Proxy Statement wherein they solicited proxies on their behalf. It is alleged that this Proxy Statement contained a false statement and a misleading omission in violation of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and Securities and Exchange Commission Rule 14(a)–9, 17 CFR § 240.14a–9.

The proxy statement is alleged to be false in that it stated that management would spend no more than $6,000 on proxy solicitation and that as of the date of mailing no more than $3,500 had been spent; whereas, in fact more than $6,000 had already been spent on proxy solicitation as of the date of the mailing and more than $16,000 in total expense would be incurred by the management in proxy solicitation. The alleged misleading omission is the failure of the Proxy Statement to disclose that the management had approved an illegal and unauthorized loan transaction with Defendant Holbrook while he was a Director and officer of Plaintiff, said loan transaction allegedly being in violation of a specific provision of the Oklahoma Business Corporations Act (18 Oklahoma Statutes § 1.175).

It is Plaintiff's contention that the abovementioned false and misleading statement and omission were material violations of § 14(a) of the Securities Exchange Act of 1934 and that these violations caused it damages of $10,000, that being the amount of proxy solicitation overexpenditures, and of $18,000, that being the amount of the illegal loan to Defendant Holbrook. Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, or in the Alternative to Stay the Proceedings as there is another action pending involving the same parties and same issues.

■■ With regard to the Motion to Dismiss, it is Defendants' position that in order to maintain a private action based on an alleged § 14(a) violation a Plaintiff must establish these four elements:

  (i)  a solicitation of proxies,

 (ii)  containing a false or misleading statement or omission,

(iii)  which is material, and

 (iv)  which causes injury to the Plaintiff.

Defendants concede that the first two of these four requirements have been met by Plaintiff, but contend that the last two, materiality and causation, are lacking and, therefore, the Complaint should be dismissed as a matter of law. It appears that Defendants' interpretation of the law is essentially correct. The first three of the four requirements are found in Securities and Exchange Commission Rule 14(a)–9, 17 CFR 14(a)–9 as shown by the italics below:

"(a) No *solicitation* subject to this regulation shall be made by means *of any proxy* statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which at the time and in the light of the circumstances under which it is made, is *false* or *misleading* with respect to any *material fact*, or which *omits* to state any material fact necessary to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading."

The fourth requirement of causation is found in the case law dealing with private § 14(a) actions and has been recognized by the Supreme Court in J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) and in Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). Although the Court merely tacitly assumes the necessity of causation in these cases, the rule has been firmly announced in lower courts that an essential element of a private § 14(a) action

is causation. It was frequently stated prior to the *Mills* case, supra, and in at least one case subsequent to it, that the requisite degree of causation in a private § 14(a) action is that the alleged § 14(a) violation result in the damage claimed. Barnett v. Anaconda Company, 238 F.Supp. 766 (S.D.N.Y.1965), Weiss v. Sunasco Incorporated, 295 F.Supp. 824 (S.D.N.Y.1969). In light of the Court's statement in *Mills, supra,* that:

> " . . . Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation and the injury for which he seeks redress if, as here, he proves that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction . . . ",

the correct rule appears to be that in order to maintain a private § 14(a) action there must be a causal connection between a proxy statement containing a § 14(a) violation and the transaction causing the damage for which a plaintiff seeks redress. This is the rule of Smith v. Murchison, 310 F.Supp. 1079 (S.D.N.Y.1970), and Beatty v. Bright, 318 F. Supp. 169 (S.D.Iowa 1970).

■ The transactions of which Plaintiff herein complains are (1) an over-expenditure on proxy solicitations and (2) an illegal loan to Defendant Holbrook. The alleged violations of § 14(a) are said to be contained in a proxy statement wherein the directors of Plaintiff solicited the proxies of shareholders in Plaintiff for the purpose of being reelected as Directors and in connection with certain amendments to corporate articles and bylaws. Assuming, arguendo, that the proxy solicitation did contain a material violation of § 14(a), it is apparent that Plaintiff has failed to state a cause of action upon which relief can be granted for the facts as plead do not show causation between the alleged false and misleading proxy statement and the alleged transactions causing the harm of which Plaintiff complains. The proxy solicitation was not a link in the accomplishment of either the (1) alleged overexpenditures or (2) the alleged illegal loan. These actions were taken by virtue of the Defendants' position in the corporation and not through an authorization obtained through alleged false proxy statements.

■ For the purposes of a Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the complaint is construed in the light most favorable to Plaintiff and its allegations are taken as true. However, it is only the allegations of fact which are accepted as true and conclusions of law are not accepted as true. 5 Federal Practice and Procedure, Wright and Miller, 1357. Plaintiff's allegations of fact do not show causal connection between the transactions allegedly causing its damages and the proxy solicitations. Plaintiff's allegation of causation is a mere conclusion of law unsupported by any factual allegations.[3]

The classic example of causation is where authorization for a disadvanta-

---

3. Accepting as true Plaintiff's allegations of fact, which are that Defendants prepared and distributed proxy statements containing misstatements and omissions, construing the Complaint in the light most favorable to Plaintiff in considering that the omissions and misstatements were material, and disregarding Plaintiff's conclusion of law that its damages were caused by the proxy violations, it must be concluded that Plaintiff has failed to state a cause of action upon which relief can be granted, for the alleged facts do not show any causal connection between the proxy solicitation and the transactions which caused the damages of which Plaintiff complains. The well pleaded facts do not show that Defendants obtained "authorization for corporate action by means of deceptive or inadequate disclosures in proxy solicitations". It may well be that the alleged misstatements and omissions constitute material violations of § 14(a), but Defendants while engaged in such conduct do not become "insurer(s) against all harm."

geous merger is obtained through a false proxy solicitation. See *Mills, supra.* This is the type of causation contemplated for the maintenance of a private § 14(a) action.

" 'It has been held repeatedly that one whose liability creating conduct is the violation of a statute which makes certain conduct a public offense does not, while engaged in such violation, become an insurer against all harm. The situation is not like that of one who, engaged in a felony, unintentionally causes the death of a human being and is, nevertheless, subject to punishment as a murderer. As Dean Thayer pointed out a number of years ago "Criminal conduct which had no effect in causing the injury can no more be a ground of liability than non-causative negligence. In either case the wrongdoing is without legal significance as between the parties." Our statute-breaker is civilly liable only if his law violation causes another harm of the sort which it was the presumed intention of the Legislature to protect against and that injury occurred in a way proscribed by the statute.' (Footnotes omitted)." Downing v. Howard, 162 F.2d 654 (Third Cir. 1947), quoted in Barnett v. Anaconda Company, *supra.*

The injuries of which Plaintiff complains are not of the sort § 14(a) was designed to protect against. J. I. Case v. Borak, *supra,* holds:

"The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure[s] in proxy solicitation[s]."

There being no causation shown between the proxy solicitation containing the alleged violation and the transactions allegedly causing Plaintiff's damages, there can be no liability based on the alleged violation. The Defendants' Motion to Dismiss is sustained and accordingly it is ordered that Plaintiff's Complaint is dismissed this 6th day of January, 1975.