**F. Thomas JACOBS, Plaintiff,**

v.

**AIRLIFT INTERNATIONAL, INC., et al., Defendants.**

**No. 77–1657–Civ–JLK.**

United States District Court, S. D. Florida.

Nov. 7, 1977.

---

**3.** Id. at 53, 91 S.Ct. at 755.

**4.** S.C.Code § 32–682(c).

**5.** S.C.Code § 32–683(b).

Dixon, Dixon, Lane, Mitchell & Harris, Miami, Fla., Howard W. Mazloff, Coral Gables, Fla., for plaintiff.

Thomas Hurst, Miami, Fla., for defendants.

---

ORDER DISMISSING COMPLAINT

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the motion of defendants to dismiss. The court, having considered the record and having heard oral argument on this matter, finds and concludes that the motion should be granted.

Plaintiff has submitted a complaint sounding in three counts. The first in-

volves a private suit against the defendants premised on section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and S.E.C. Rule 14a-9(a). In essence, plaintiff alleges that defendants issued a proxy statement prior to the election of the Board of Directors which contained misleading statements. The second count asserts a class action on the same claim. The third count is a derivative suit on the same claim under Federal Rule 23.1.

■ Upon the authority of *Klaus v. Hi-Shear Corporation*, 528 F.2d 225 (9th Cir. 1975), this court finds that counts one and two must be dismissed. *Klaus* involved, in part, a section 14(a) claim asserted by a stockholder who had not tendered his proxy at the time the vote in question was held. The Ninth Circuit held that

Although a demonstration that proxies were obtained by materially misleading solicitation establishes a violation of section 14(a), the relief available to a plaintiff who did not himself grant a proxy depends on equitable considerations based on 'the best interests of the shareholders as a whole' . . . . *Klaus did not himself grant a proxy. He is able to assert a section 14(a) violation only derivatively on behalf of Hi-Shear. Klaus*, at 232. (emphasis added) (cit. omit.)

Plaintiff did not submit a proxy in the election he contests herein.

Thus, plaintiff in the case *sub judice* is confined to the third count of his complaint—the derivative suit. However, as to this count, there is a fatal defect in pleading.

■ Plaintiff must establish four elements in a 14(a) suit in order to survive a motion to dismiss. These four elements are based upon a literal reading of Rule 14(a)-9 and upon case law treating private 14(a) actions. *Epic Enterprises Inc. v. Brothers*, 395 F.Supp. 773 (N.D.Okl.1975). The four elements which plaintiff must establish by way of his complaint are:

1. a solicitation of proxies,
2. containing a false or misleading statement or omission,
3. which is material,
4. which causes injury to the plaintiff.

*Epic Enterprises*, at 775. *See, generally, National Home Products, Inc. v. Gray*, 416 F.Supp. 1293 (D.Del.1976).

Defendants contend that plaintiff has not established element four satisfactorily. The court finds that the allegations which most closely approach such a showing are found in paragraphs twenty and twenty-one of the complaint. However, even these are insufficient to overcome this motion to dismiss.

At paragraph twenty, plaintiff alleges that the false statements listed within the complaint "were material in that there is a substantial likelihood that a reasonable shareholder would consider the information important in deciding how to vote." Then, in the next paragraph, plaintiff alleges that the false statements were "an essential link in the accomplishment of the transaction giving rise to this litigation."

■ Assuming that the word "transaction" in paragraph twenty-one equates with the election contested by plaintiff herein, and assuming that same paragraph to be true, this court still cannot find that plaintiff has alleged that the corporation, on whose behalf he has filed the derivative suit, has suffered injury.

Paragraph 21 appears to be a carefully constructed paraphrase of the Supreme Court's directive in *Mills v. Electric Auto-Lite*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This court assumes that plaintiff believed that the mere allegation of a Supreme Court directive would suffice to establish the necessary elements of his cause of action. However, the complete directive issued by the Supreme Court in *Mills* states that:

Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation *and the injury for which he seeks redress* if, as here, he proves that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential

link in the accomplishment of the transaction. 396 U.S. at 385, 90 S.Ct. at 622. (emphasis added).

Paragraph 21 clearly reflects a conscious effort by plaintiff to track the last two lines of the above excerpt. But plaintiff fails to mention, in his complaint, the nature of the injury for which he seeks redress. Plaintiff has failed to recognize that a prerequisite to the allegation of an "essential link", as stated in the *Mills* opinion from which plaintiff has excised the material found in paragraph 21, is the allegation of an *injury*.

Paragraph 21, as is clear from a careful reading of the *Mills* excerpt above, is sufficient to demonstrate a causal relationship between a violation and an injury. While plaintiff has amply alleged a violation of § 14a, this court is unable to discern the nature of the injury which may lie at the center of the complaint. Until both of the two end points are asserted, the line linking them together, represented by paragraph 21, is without meaning.

■ Another way of stating this requirement is that the complaint must contain allegations sufficient to demonstrate "transaction causation" and "loss causation" in a 14(a) suit. *Schlick v. Penn-Dixie Cement Corporation*, 507 F.2d 374 (2d Cir. 1974). Transaction causation, as envisioned by the Second Circuit, entails a showing "that the violations in question caused the [plaintiff] to engage in the transaction in question." *Schlick* at 380. Loss causation contemplates a showing "that the misrepresentations or omissions caused the . . . harm." In *Schlick*, the harm complained of was economic. Plaintiff protested that a misleading proxy statement had influenced the result of a merger. As already stated above, plaintiff has not proffered such allegations of harm in the case *sub judice*.

As to *Dillon v. Berg*, 326 F.Supp. 1214 (D.Del.1971), the case cited by plaintiff as proof that the complaint need not allege an injury in order to withstand a motion to dismiss, suffice it to say that the court which issued *Dillon* does not concur in plaintiff's interpretation of it. In *Ash v.*

*Brunswick Corporation*, 405 F.Supp. 234, 247 (D.Del.1975), the Delaware court noted the following:

> While in *Mills* . . . it was held that under Rule 14a-9 a material misstatement or omission in a proxy statement, without more, constituted a sufficient showing of a causal relationship between the violation *and the injury which plaintiff claimed, Dillon v. Berg* held that this was not true in the case of an omission which violated Rule 14a-3. (emphasis added)

Thus, *Dillon* requires the demonstration of a violation *and an injury* as prerequisites to a showing of a 14a-9 violation.

In sum, plaintiff claims that the *Mills* opinion indicates that a plaintiff need only allege that the misleading statements were an essential link in the accomplishment of the transaction giving rise to this litigation. However, this is an incomplete reading of that opinion. As the defendants so ably point out, the rule of *Mills* is as follows: a causal *relationship between the violation and the injury* for which redress is sought can be demonstrated by proof that the proxy solicitation itself—rather than some defect within the solicitation—was an essential link in the accomplishment of the transaction. *Mills*, supra, at 385, 90 S.Ct. 616. However, this rule presumes that plaintiff has already indicated the injury for which he seeks redress, as plaintiff apparently did in *Mills* and did not do in the case *sub judice*.

■ The *Mills* rule which plaintiff attempted to paraphrase in paragraph twenty-one of his complaint was designed to enable a stockholder to offer proof that the proxy solicitation as a whole had a decisive effect in the election rather than having to utilize extra effort in proving that the specific defect within the proxy statement was responsible for the injury complained of. The *Mills* rule does not obviate the need for plaintiff to allege the injury itself. Therefore, it is

ORDERED and ADJUDGED that the motion to dismiss be and the same is hereby granted without prejudice to plaintiff to

amend the complaint solely as to Count III within 15 days.

DONE and ORDERED in chambers, at Miami, Florida, this 10th day of November, 1977.