John A. PAWLAK and James Stafford, Plaintiffs,

v.

Charles E. GREENAWALT et al., Defendants.

Civ. No. 78–1035.

United States District Court, M. D. Pennsylvania.

Feb. 2, 1979.

As Amended March 21, 1979.

Bruce F. Bratton, Harrisburg, Pa., Paul Alan Levy, Arthur L. Fox, II, Public Citizen Litigation Group, Washington, D.C., for plaintiffs.

Edward Davis, Philadelphia, Pa., for defendant Teamsters Joint Council No. 53.

Ira Weinstock, Handler, Gerber & Weinstock, Harrisburg, Pa., for defendants Greenawalt and Local Union 764.

John J. Dunn, Sr., Robert Mariani, Dunn, Byrne & Coviello, Scranton, Pa., Robert M. Baptiste, Gary S. Witlen, Washington, D.C., for defendants International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

## OPINION

MUIR, District Judge.

The Plaintiffs, John A. Pawlak and James Stafford, filed this action against Charles E. Greenawalt, Local Union No. 764, Teamsters, Chauffeurs, Warehousemen & Helpers (the Union), the Teamsters Joint Council No. 53 and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers alleging violations of 29 U.S.C. §§ 411(a)(1), 411(a)(2), 411(a)(4), 411(a)(5), and 501. The latter two defendants have filed answers to the complaint. On December 12, 1978, Greenawalt and the Union filed separate motions to dismiss the complaint and both Defendants filed briefs in support of their motions on December 27, 1978. The Plaintiffs filed a response to both motions on January 11, 1979. As of the date of this Order, no reply briefs have been filed.

The issues raised in the separate motions to dismiss filed by Greenawalt and the Union are substantially the same and both relate to assertions by the Defendants that this Court does not have jurisdiction over the subject matter of the action and that the complaint fails to state a cause of action. The Court will not treat the motions separately except where necessary. Because motions to dismiss have been filed, the Court is obliged to accept the well-pleaded allegations of the complaint as true and will set them out briefly below. *See Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977).

Pawlak, who is a member of the Union and is employed by Interstate Motor Freight Systems, Inc. filed an action in this Court on February 7, 1977 contesting a change in his working conditions imposed by his employer. The Court dismissed that action because of Pawlak's failure to exhaust intraunion remedies prior to filing the suit. *See Pawlak v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local Union No. 764,* 444 F.Supp. 807 (M.D.Pa.1977), aff'd 571 F.2d 572 (3d Cir. 1978). Subsequent to the dismissal of that suit, Pawlak began to initiate procedures to amend the by-laws of the Local Union in a manner which would reduce the control of Union affairs by union officials, including Defendant Greenawalt, the President of the Union. Four members of the Union then brought

disciplinary charges against Pawlak asserting that he violated sections 6(1) and 12 of Article XIX of the International Brotherhood of Teamsters' Constitution the latter of which forbids a union member from instituting a court action without first exhausting intraunion remedies and provides for the assessment of a fine equal to the costs, including attorney's fees, incurred by the Union in defending such a suit. A hearing on those charges was held on April 9, 1978 and on April 27, 1978, Pawlak was fined the sum of $2,635.00. He appealed that decision to Joint Council 53 and to the International Union, both of which affirmed the imposition of the fine. Pawlak asserts that the section of the International Constitution under which he was disciplined violates his rights to sue his union under 29 U.S.C. § 411(a)(4).

In connection with the disciplinary hearing, Pawlak requested permission to make a tape recording of the April 9, 1978 proceedings which request was refused by the Defendants. Pawlak asserts that this refusal, coupled with the fact that the proceedings were not recorded either by a court reporter or a tape recorder, deprived him of his right to a full and fair hearing in violation of 29 U.S.C. § 411(a)(5). He asserts that in connection with the disciplinary proceedings, Defendant Greenawalt violated his duty of fair representation under 29 U.S.C. § 501.

Pawlak and Stafford also assert that their rights were violated with respect to the proposed amendments to the by-laws of the Union. Those amendments were discussed at two meetings of the Union prior to a meeting held in April of 1978 at which the Union would decide whether or not to adopt the amendments. Approximately one week before that meeting, Defendant Greenawalt mailed a leaflet to a large number of Union members which was printed at Union expense and which attacked the proposed by-laws, claiming that the Union's counsel had expressed his opinion that the proposed changes were detrimental to the welfare of the Union and asserting that the changes would prevent Union officials from being able to take prompt and effective action on behalf of Union members, thus

reducing their bargaining position and strengthening that of the employers. Pawlak asserts that such representations were made deliberately and were inaccurate. Pawlak requested from Greenawalt the right to print and mail a leaflet setting forth his views at Union expense and such request was refused. At the meeting relating to the by-laws, a large number of Union members who had not attended the prior two meetings appeared based upon the mailing of the leaflet and voted against the proposals. At that meeting, Pawlak requested an opportunity to address the merits of the by-laws and such request was refused. Pawlak requested a hearing from the Joint Council on this issue which was held on September 14, 1978. As of October 23, 1978, the date of the filing of the complaint, no decision had been reached by the Council. Pawlak asserts that the actions of the Defendants relating to the proposed by-laws violated 29 U.S.C. §§ 411(a)(1), 411(a)(2), & 501.

Greenawalt and the Union both assert that this Court has no jurisdiction to entertain Pawlak and Stafford's claims under 29 U.S.C. § 501. In support of that contention, they assert that two essential prerequisites of suit have not been met and, in addition, that the Union may not be sued under § 501(b). Specifically, the Defendants contend that the Plaintiffs did not seek leave of Court to proceed with this action as required by 29 U.S.C. § 501(b) nor did they make a specific request to the Union to institute suit and have that request denied.

■ 29 U.S.C. § 501(a) sets forth the fiduciary responsibilities of officers of labor organizations. Section 501(b) states that if an officer, agent, shop steward or representative of a labor organization is alleged to have violated any of those duties and the organization refuses or fails "to sue or recover damages or secure an accounting or other appropriate relief . . . after being requested to do so by any member of the labor organization" that member may institute suit in a district court. Section 501(b) also states that no such proceedings

shall be brought except by leave of court obtained upon verified application and for good cause shown. The Defendants assert that a verified application for leave to proceed has not been made in this case. However, the Court agrees with the Plaintiffs that the complaint itself, which is verified by both Plaintiffs, is sufficient to satisfy that requirement of the statute. In *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972), the Court of Appeals stated that lack of formality in observing the procedures set forth in § 501 will not bar a court from granting leave to sue and that a request contained in a verified complaint suffices to satisfy the statutory requirement. Paragraph 1 of the prayer for relief contained in the Plaintiffs' complaint is a request for permission to sue. Consequently, the complaint will not be dismissed because of a failure to request leave of court to pursue this proceeding.

■■■ The Defendants also assert that the portion of § 501(b) relating to a request to the labor organization to sue or recover damages or secure an accounting or other appropriate relief has not been satisfied by the Plaintiffs in this case. In support of this contention they cite the case of *Penuelas v. Moreno*, 198 F.Supp. 441 (S.D.Cal. 1961) which held that before instituting a suit in the district court, a member must request the union to take court action. The Court held that although § 501(b) is phrased in the disjunctive, the phrases "to sue," "to recover damages," and "or secure an accounting or other appropriate relief" all apply to the institution of a court suit. The rationale of that case has been adopted by the United States Court of Appeals for the Second Circuit. *See Cassidy v. Horan*, 405 F.2d 230 (2d Cir. 1968); *see also Coleman v. Brotherhood of Ry. & Steamship Clerks*, 340 F.2d 206 (2d Cir. 1965). However, as the Plaintiffs correctly point out, there is no absolute requirement in this Circuit that a Plaintiff request his union to take court action prior to the institution of suit. In *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1252 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972), the Court stated

that the requirement of requesting the union to take action prior to the institution of suit was similar to the requirement contained in other sections of federal labor statutes that a union member exhaust internal union remedies prior to filing suit and that it was not mandatory in all cases. In *Sabolsky*, the Court reviewed the actions of the Plaintiff prior to his filing of the action and stated there was no indication that the suit was filed as part of an attempt deliberately to harass the Union, which underlies the Congressional requirement that a request to take some action be made before suit is filed. The Court also recognized that in certain situations a request to sue may be futile and that in such a case an action need not be dismissed because of the failure to make such a request. The Court cited with approval the case of *Aho v. Bintz*, 290 F.Supp. 577 (D.Minn.1968), which permitted a Plaintiff to file suit after telegraphing a request for relief which was not a demand for court action to his union and having that request denied. *See also Purcell v. Keane*, 406 F.2d 1195 (3d Cir. 1969); *Woods v. Local No. 12, Sheet Metal Workers Int'l. Assn.*, 438 F.Supp. 578, 580 (W.D. Pa.1977). A review of the facts alleged in this complaint indicates that the actions about which Pawlak and Stafford complain have been brought to the attention of the Union and that the Plaintiffs have made a legitimate request for relief even though the relief requested was not institution of a court suit. There is no indication, and the Defendants do not suggest, that this suit is being brought merely to harass the Union. Further, there is merit in the Plaintiffs' contention that to request a Union to sue its president and itself is often, if not always, a futile act. Therefore, the complaint will not be dismissed because of the Plaintiffs' failure to request that the Union file suit.

■■■ The Union makes one final argument with respect to section 501(b), namely that that section authorizes suit only against an officer, agent, shop steward, or union representative and does not provide that a union member may sue his union.

The Plaintiffs assert that although the statute does not specifically authorize suit against the Union, the Courts have held that the Union is an indispensable party in a suit against a union official under § 501. In *Purcell v. Keane*, 277 F.Supp. 252 (E.D. Pa.1968), *aff'd* 406 F.2d 1195 (3d Cir. 1969), the Court held that a Union is an indispensable party under § 501(b) but that it should be joined as a party Plaintiff. The Court stated that "there is no authority that holds that a corporation or a Union is an indispensable party Defendant". *See also Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); *Aho v. Bintz*, 290 F.Supp. 577 (D.Minn.1968). One case cited by the Plaintiffs, *Brink v. DaLesio*, 453 F.Supp. 272 (D.Md.1978) did hold that a local union is an indispensable party in a suit brought pursuant to 29 U.S.C. § 501 because any monetary recovery by the Plaintiff would accrue to the Union's benefit and because if the Defendants in the original action prevailed and the Union was not a party the doctrine of *res judicata* would not bar a second suit against Union officials by the Union itself. However, both rationales support the joinder of the Union as an involuntary Plaintiff and neither dictate the result reached by the Court in *Brink*, namely that the Union may be joined as a Defendant. Therefore, the Court will dismiss the claims of the complaint brought pursuant to 29 U.S.C. § 501 against the Union because it may not be joined in this action as a Defendant. Because the question of whether the Union must be joined as a party Plaintiff or whether the action should be dismissed for failure to join the Union as a party Plaintiff has not been raised by the parties, the Court will not address it.

■ Greenawalt and the Union next contend that count 1 of the complaint, which relates to the disciplinary action taken against Pawlak, does not state a cause of action. First, they assert that 29 U.S.C. § 411(a)(4) does not prohibit a union from adopting a regulation which permits it to impose a fine upon a Union member who fails to exhaust intraunion remedies before filing suit against the Union in federal court. § 411(a)(4) states that a labor organization cannot limit the members of their right to file suit, provided that such members can be required to exhaust reasonable hearing procedures prior to the institution of a court action. The Plaintiffs do not dispute that the exhaustion requirement serves important labor policies protecting unions from undue harassment by their members but disagree that the second provision of § 411(a)(4) can be read to grant permission to a union to adopt regulations enforcing the exhaustion requirement.

It is the view of the Court that the portion of the complaint relating to Article XIX, § 12 of the International Brotherhood of Teamsters' Constitution states a cause of action. In *NLRB v. Marine Workers*, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968), the Supreme Court considered whether a union member could be disciplined for filing an unfair labor practice charge against his union with the National Labor Relations Board without exhausting intraunion remedies. Article V of the International Constitution of the Union involved in that case required such exhaustion. The Union member was disciplined and expelled from the Unions to which he belonged as a result of his actions. Upon petitioning the NLRB, a remedial order was issued requiring the union to rehire the worker. The United States Court of Appeals for the Third Circuit refused to enforce it. The Supreme Court reversed, stating that the policy of free access to the National Labor Relations Board by Union members was of national importance and that the Union's restriction on the ability of its members to file such petitions was contrary to public policy. The Court indicated that an opposite ruling would force a union member to attempt to guess whether his efforts at exhaustion would be considered sufficient and that he would be deterred from presenting legitimate grievances. The Court specifically rejected the rationale of the Court of Appeals which was based upon the provisions of 29 U.S.C. § 411(a)(4), stating that the language of that section

relating to the exhaustion requirement was directed to the Courts considering suits and was not a grant of authority to unions more firmly to police their members. An issue basically identical to the one raised by the Plaintiffs in this case was decided favorably to their position by the Court of Appeals for the Ninth Circuit in *Operating Engineers' Local Union No. 3 v. Burroughs*, 417 F.2d 370 (9th Cir. 1969), *cert. denied*, 397 U.S. 916, 90 S.Ct. 921, 25 L.Ed.2d 97 (1970). The holding of that case was cited with approval by the Court of Appeals for this Circuit in *Semancik v. United Mine Workers of America*, 466 F.2d 144, 153 (3d Cir. 1972). Therefore, the Court concludes that the Plaintiffs have stated a cause of action with respect to the provision of the Teamsters Constitution which they challenge.

 The Defendants also assert that a cause of action has not been stated by Pawlak's allegation that he was not permitted to make a recording of the proceedings at his disciplinary hearing held on April 9, 1978. Pawlak asserts that such refusal was a violation of his right to a full and fair hearing as set forth in 29 U.S.C. § 411 (a)(5). In considering whether a union member is given a full and fair hearing on disciplinary charges, the Court must apply traditional concepts of due process of law. *See Falcone v. Dantinne*, 420 F.2d 1157 (3d Cir. 1969). In *Falcone*, the Court of Appeals stated that a full and fair hearing includes notice of the charges against the Union member to be disciplined, an opportunity to be heard, the chance to present evidence and cross-examine witnesses, and a right to an impartial decisionmaker. In *Kiepura v. Local Union No. 1091, United Steelworkers of America*, 358 F.Supp. 987 (N.D.Ill.1973), the Plaintiff had made a request to have a court reporter present at his disciplinary hearing at his own expense. That request was denied by the Local Union. The Court held that the failure to permit the Union member to make a record at his own expense was an abuse of the discretion of union officials which had a tendency to deprive the union member of the fair hearing. In *Rosario v. Dolgen*, 441 F.Supp. 657 (S.D.N.Y.1977), the Court held

that the refusal to permit a union member to record disciplinary proceedings was a denial of the right to a full and fair hearing. Both the *Kiepura* and *Rosario* cases, however, involved charges of particular conduct levelled against union members which were in dispute. It is the view of the Court that this case is distinguishable from those cases on the ground that Pawlak does not dispute that he filed suit against the Union and that such suit was dismissed because of his failure to exhaust intraunion remedies prior to its filing. Therefore, it appears that a transcript of the disciplinary proceedings would be of little value to the Court in determining whether Pawlak's statutory rights were violated in this case. The Court agrees that in the usual case, a party should not be denied the opportunity to record proceedings which might result in sanctions being imposed against him by his union. However, because of the peculiar facts of this case, the Court is of the view that Pawlak was not denied his right to a full and fair hearing by reason of the Union's refusal to permit him to record the disciplinary proceedings of April 9, 1978 and that portion of the complaint will be dismissed.

 Finally, the Defendants moved to dismiss those portions of the complaint relating to the failure of the Union to adopt the proposed by-laws insofar as the Plaintiffs have attempted to state a cause of action under 28 U.S.C. § 411(a)(1) & 411(a)(2) which guarantee members of labor organizations equal right to vote in referenda and to express their views at union meetings, subject to the organizations' established and reasonable rules relating to the conduct of such meetings. The Defendants assert that there is no prohibition contained in the statute relating to the ability of the President of the labor union to express his views on a particular issue at union expense while denying the same right to union members and that the complaint is defective in that it fails to allege that Pawlak's request to speak at the meeting at which the proposed by-laws were defeated should have been honored under the rules adopted by the Union for the conduct of

such meetings. In support of their position, the Defendants rely upon the case of *Sheldon v. O'Callaghan*, 497 F.2d 1276 (2d Cir.), *cert. denied* 419 U.S. 1090, 95 S.Ct. 681, 42 L.Ed.2d 682 (1974). In that case, a new union constitution had been proposed to which the Plaintiffs were opposed. They brought an action seeking to set aside the election at which the constitution was approved based upon the publication of misleading information in a union newspaper and the refusal of union officials to let the Plaintiffs publish their position in rebuttal. The Court indicated that although the Labor-Management Reporting and Disclosure Act was intended to insure that voting processes in labor union elections be democratic, it does not represent an open invitation to a court to intervene in union affairs and that the elected representatives of unions have a right to lead and to give members the benefit of their advice in union publications without providing for equal space for the printing of opposing views. The Court also stated, however, that such action is permissible only so long as nothing else is done to interfere with the right of the dissidents to communicate their views to union members. The Court held that the union officials' failure to make available to the Plaintiffs at the Plaintiffs' expense a mechanism for mailing leaflets to members of the union was a violation of federal statute. It is the view of the Court that the *Sheldon* case does not support the Defendants' contention that Pawlak and Stafford have failed to state a cause of action in this case. First, the allegations of Count 2 of the complaint cannot be read in isolation. That count, taken as a whole, states not only that the Defendants failed to provide to Pawlak and Stafford an equal opportunity to express their views at union expense, it also indicates that they were denied access to the opinion of the Union's counsel who purportedly opposed the proposed bylaws, that they were denied access to the mailing list of union members, that they were denied the right to speak at a union meeting, and that the statements made by the union representatives in the leaflet mailed out to some 300 union members

were false and misleading. Therefore, this case is factually distinguishable from *Sheldon* because actions other than denying equal space in a union publication for the expression of opposing views are alleged. Further, the Court of Appeals for this Circuit has indicated that a court should not overemphasize the danger of judicial intervention into union affairs where an allegation of a violation of union members' rights to vote is involved and has declined to follow the rules adopted in the Second Circuit to the extent that they place undue emphasis on the evils of such interference. *See Sabolsky v. Budzanoski*, 457 F.2d 1245, 1251 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972). It is clear that the right to vote in a union election guaranteed by 29 U.S.C. § 411 is the right to a meaningful vote, and the facts of the complaint, if true, allege a denial of that right. *See also Blanchard v. Johnson*, 388 F.Supp. 208 (N.D.Ohio 1975), *aff'd in part and rev'd in part*, 532 F.2d 1074 (6th Cir.), *cert. denied*, 429 U.S. 834, 97 S.Ct. 100, 50 L.Ed.2d 100 (1976).

The final issue raised by the Defendants is that the complaint fails to allege that Pawlak and Stafford's request to speak at the Union meeting was in order and thus a violation of Section 411(a)(1) & 411(a)(2) has not been stated. In support of this contention, they rely upon the case of *Scovile v. Watson*, 338 F.2d 678 (7th Cir. 1964). However, the Court is not persuaded by the rationale of the *Scovile* case. It appears in that case that a dismissal of a complaint was affirmed merely because it had failed to allege specific facts. It is the view of the Court that such a dismissal is at least facially inconsistent with the allowance of notice, rather than fact, pleading set forth in the Federal Rules of Civil Procedure. *See Rannels v. Nichols*, 591 F.2d 242 (3d Cir. 1979). Further, as the Court indicated above, the allegations of Count 2 may not be read in isolation. The Count as a whole is sufficient to withstand a motion to dismiss.

Based upon the foregoing, the Court will enter an order dismissing the claims

brought under 29 U.S.C. § 501 against the Union, dismissing the allegation that Pawlak was denied a full and fair hearing by the Union's refusal to permit him to record the April 9, 1978 disciplinary hearing, and denying the Defendants' motions to dismiss in all other respects.